# LENMAN v. JONES.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 19. Argued October 27, 1911.—Decided November 13, 1911.

In the absence of fraud, ignorance of who the real vendee is does not relieve the vendor from specific performance of a contract to sell real estate.

The vendor is not relieved of a contract to sell, absolute as to him, because he thought it gave the purchaser an option, but did not require him, to purchase.

One who purchases from the vendee before completion of the contract to sell, not only the property but all rights of the vendee connected therewith, becomes the equitable owner of the property to the same extent as the original vendee and can compel specific performance of the original contract.

The original vendee against whom no relief is asked and who has to the extent of his interest complied with the contract is not a necessary party to a suit brought by the subvendee against the original vendor to compel specific performance.

The contract to sell involved in this case being clear enough to indicate to lawyer and layman the purchaser, the seller, the land and the terms, it satisfies the statute of frauds, Code, District of Columbia, § 1117.

33 App. D. C. 7, affirmed.

THE facts, which involve the construction and validity of a contract for the sale of real estate in the District of Columbia, are stated in the opinion.

Mr. A. S. Worthington for appellant.

Mr. Hugh H. Obear and Mr. J. J. Darlington for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the Court of Appeals of the District of Columbia affirming a decree of the Su-

preme Court for the specific performance of a contract
for the sale of land. 33 App. D. C. 7. The appellant
was the owner of the land by inheritance, subject to the
dower of her mother, who has died pending this cause.
After some previous offers, Early & Lampton, real estate
brokers in Washington, understanding that the defendant
would take $200,000, prepared a document which the de-
fendant, after some consultation with others, signed. So
far as material it is as follows: "Office of Early & Lampton,
Real Estate & Loan Brokers, 615 14th Street N. W.—
Washington, D. C., May 2nd, 1905. Received of Fannie
E. Wilhoite a deposit of One hundred ($100.00) Dollars,
to be applied to part payment of purchase of sub Lots
4, 5, 6 and 7, square 222 known as the Lenman Building,
sold her for Two hundred thousand dollars net on fol-
lowing terms [with details as to payment, title, time,
&c.] Early & Lampton, Agents for Fannie E. Wilhoite.
Confirmed, ratified, and approved: Isobel H. Lenman
(*Owner*). Fannie E. Wilhoite. Fannie E. Wilhoite
(*Purchaser*), Per E. & L." Mrs. Wilhoite seems to have
been a figurehead used by the brokers, and to have played
merely a formal part.

The next day Mrs. Wilhoite signed an instrument in
similar form acknowledging the receipt of five hundred
dollars from the appellee, part payment for the same land,
sold to him for $213,250, cash, the purchaser to make full
settlement within five days from date. The terms varied
from those in the first paper, by which $150,000, payable
in three years, was to be secured by deed of trust. But
there is no trouble on that score, as the appellee simply
is trying to hold the appellant to her own terms. Mrs.
Wilhoite subsequently executed a deed to the appellee,
although it never was acknowledged or recorded. De-
mand and tender have been made, but the appellant has
refused and refuses to perform, and the appellee brought
this bill.

·We will deal with the grounds for the refusal in the order in which they were presented. In the first place it was said that the conduct of the appellee and those under whom he claims precludes him from equitable relief. This needs no discussion. Even if it were true, as suggested but not found or proved, that when the bargain with the defendant was made, the appellee, Jones, was behind the brokers, and a trust company of which he was president was behind him, and that the defendant was not informed of the facts, she could not complain. It is apparent from her own testimony that she knew that Mrs. Wilhoite was only a figurehead, and the most that can be contended is that she thought that another person, not the appellee, most probably was the real man. 'It does not matter that she did. She suffered no loss, and moreover Mr. Jones and his company were under no obligation to disclose their interest in the absence of fraud, which there is not the slightest ground to suggest. It also is urged that the defendant, when she signed the instrument, thought that it merely gave an option. · This is an immaterial afterthought. If she did not know what she was doing she had only herself to thank, but no even one-sided mistake is proved.

Some slight support for the preceding objection is sought also in the second ground upon which it is argued that the court erred. 'The bill alleges that Mrs. Wilhoite sold to the plaintiff, the appellee, all her rights under her contract with the appellant, and it now is urged that Jones was not an assignee but a subpurchaser and cannot recover on the allegations of the bill as they stand. There is a suggestion as little warranted as those that we have mentioned that the form of the bill also manifests bad faith. But the argument is mainly on the technical point that the proofs fail to sustain the allegations. We do not see the failure. When Mrs. Wilhoite contracted to sell the land, she contracted to transfer all the rights she got

by her contract with the owners of the land. As she in popular legal language became the equitable owner by her contract, she made the appellee the equitable owner by her contract with him—that is she gave him the right to insist in her place that the legal owner should give up the legal estate upon fulfillment of the conditions agreed. The deed from Mrs. Wilhoite although purporting to be made by Miss Lenman and her, reciting the transactions on which it is founded, would be sufficient to satisfy the allegations of the bill in the strictest sense. True, it purports to convey the land, but thereby it conveys all of Mrs. Wilhoite's rights in and to the land. It was executed by Mrs. Wilhoite in aid of the enforcement of Miss Lenman's agreement, and therefore is not to be read as conditional upon the signature of Miss Lenman. See *Buchannon* v. *Upshaw*, 1 How. 56.

The foregoing considerations afford an answer to the third objection: that Mrs. Wilhoite is not made a party to the suit; in view of the fact that it was not taken in the pleadings, or, so far as appears, before the argument in the Court of Appeals. Mrs. Wilhoite has no real interest, and it is clear that the appellant is put in no danger by the decree. The point is urged as an afterthought, and no end of justice would be served by allowing it to prevail.

Finally it is said that the instrument sued upon does not satisfy the statute of frauds. Code, D. C., § 1117. This is a desperate contention, like the rest. There are certain formal absurdities in the document, but it leaves no doubt in the mind of either lawyer or layman as to who was purchaser, who seller, what the land or what the terms. Upon the whole case, without further discussion, we are of opinion that the plaintiff is entitled to prevail.

*Decree affirmed.*