## QUINN-SHEPHERDSON COMPANY v. TRIUMPH FARMERS ELEVATOR COMPANY.[1]

### April 29, 1921.

### No. 22,159.

**Statute of frauds — verbal sale of goods — signature by party to be charged.**

> In order to recover for the breach of a verbal contract of sale of goods within the statute of frauds, where the memorandum is not signed by the defendant, the writing containing his signature must connect itself with the memorandum, or must with other writings be so connected therewith by reference or internal evidence, that parol testimony is not necessary to establish the connection with the verbal contract of sale, or else, if the signature was not appended to the writing for the purpose of becoming a part of the memorandum, the writing in order to satisfy the statute must clearly admit or confess that a sale was made.

Action transferred to the district court for Martin county to recover $803.29 for breach of contract. The case was tried before Dean, J., who when plaintiff rested granted defendant's motion to dismiss the action. From the order denying plaintiff's motion for judgment in favor of plaintiff notwithstanding the order for dismissal, or for a new trial, plaintiff appealed. Affirmed.

*Cray & Eaton,* for appellant.
*Allen, Seifert & Allen,* for respondent.

HOLT, J.

Plaintiff is a dealer in grain at Minneapolis, and defendant at Triumph, Minnesota. By three telephone communications two carloads of oats and one of corn were sold by defendant to plaintiff in the months of January and February, 1917. The price of each carload was upwards of several hundred dollars. No part of the purchase price was paid, and no part of the grain was ever delivered. On the date of each sale plain-

[1]Reported in 182 N. W. 710.

tiff made a written memorandum in triplicate of the parties to the transaction, the property, price and terms, and stating that the memorandum was in confirmance of the telephone communication of that day. One of the triplicates was mailed to defendant on the day it was made. This action is to recover damages for failure to deliver the grain. The complaint alleged the three sales. The answer was a general denial. This made it necessary for plaintiff to prove valid contracts of sale signed by defendant. The learned trial court held the evidence insufficient and dismissed the case when plaintiff rested. This ruling presents the merits of the appeal.

Unless a letter, Exhibit D, written by defendant's manager, James Meehan, to plaintiff under date of April 6, 1917, may be applied to or connected with the three memoranda mentioned, there is no signature by the party to be charged so as to comply with the statute of frauds. The letter reads: "Triumph, Minn. Quinn-Shepherdson Co. Minneapolis, Minn. Gentlemen: On March 16th, when our Elev. was burning you called Mr. Meehan on the phone, and he gave you instructions to buy that grain that you claim he sold you. Did you do so? Please let us hear from you. Yours truly, Farmers Elev. Co." The notations made on this letter by plaintiff upon its receipt, of course, cannot be considered. Nothing connecting with the memoranda may be found in a telegram from defendant on April 9, 1917, reading: "Cannot make any settlement until president gets back." And the same applies to this letter of April 23 to plaintiff: "Gentlemen: We will have a meeting soon and as soon as we will have our meeting we will let you know what we will do, so it is no use of your drawing on us, we cannot do anything until we meet. Yours truly, James Meehan, Mgr. Farmers Elev. Co., Triumph, Minn."

The correspondence of plaintiff in the record adds confusion instead of connecting with the memoranda. Its letters of March 17 and 20 were not answered; that of April 7 related to corn only; that of April 9 stated that plaintiff had sold defendant a carload of corn, and another of the same day stating that it had bought 4,000 bushels of oats for the account of defendant, whereas the memoranda relating to oats was for only 3,500 bushels.

The signature of the party to be charged need not be upon the memorandum of sale, it may be on a separate writing. The rule in that re-

spect is well stated in Olson v. Sharpless, 53 Minn. 91, 93, 55 N. W. 125: "Several papers may be taken together to make up the memorandum, providing they refer to one another, or are so connected together, by reference or by internal evidence, that parol testimony is not necessary to establish their connection with the contract." Exhibit D does not connect with the three memoranda by reference or internal evidence. But aside from that, it surely cannot be said that the one who wrote this exhibit signed it intending to evidence a sale, or to acknowledge that any had been made. At most, it acknowledges that plaintiff makes such a claim. It would be perfectly clear that no valid sale could have been established by the production of a letter from defendant, after the telephone communication and receipt of the memoranda, denying that a sale had been made. The writing must indicate that the signature was affixed for the purpose of becoming charged with the obligations of a contract. Browne, Statute of Frauds, says in section 357: "The better opinion seems to be that its insertion must also be intended as a final signature." Or else, if the signature relied on is made some time after the verbal sale, the contents of the writing containing the signature must clearly confess or acknowledge that the prior transaction was a sale. The English cases go so far as to hold that a letter admitting that a sale was made, but refusing to be bound thereby, takes the contract out of the statute. Bailey v. Sweeting, 9 C. B. (N. S.) 843; Wilkinson v. Evans, L. R. 1 C. P. 411; Leather Cloth Co. v. Hieronimus L. R. 10 Q. B. Cas. 140. But as above stated Exhibit D does not connect with the memoranda, nor does the signer thereof admit sales to have been made.

Plaintiff cites Maurin v. Lyon, 69 Minn. 257, 72 N. W. 72, 65 Am. St. 568, but there the memorandum was signed by the party to be charged, and the question here presented did not arise. Lenman v. Jones, 222 U. S. 51, 32 Sup. Ct. 18, 56 L. ed. 89, and Lewis v. Atlas Mut. Life Ins. Co. 61 Mo. 534, are not in point. Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. ed. 819, approving the language of Justice Harlan in Ryan v. United States, 136 U. S. 68, 83, 10 Sup. Ct. 913, 34 L. ed. 477, merely accords with Olson v. Sharpless, supra. Leesley Bros. v. A. Rebori Fruit Co. 162 Mo. App. 195, 144 S. W. 139, is of no aid here, for the opinion seems to indicate that the memorandum was signed by the party to be charged, and the case hinged on the ability to connect telegrams, fixing a new price, with the property named in the memorandum of sale.

The distinction between the instant case and that of Albion Lumber Co. v. Lowell, 20 Cal. App. 782, 130 Pac. 858, 864, is this: Here was no direct admission that defendant had made a sale; there, the seller, 15 days after the making and delivery of the memorandum by the purchaser, wrote and signed a letter seemingly urging the latter to make efforts to come and get the goods and stating: "Have you made any further arrangement in regard to shipping the ties I sold you?" The only transaction between the parties was the sale and purchase of a lot of ties at a certain landing to be shipped and paid for as per the memorandum referred to. There, the admission of a sale was unequivocal and direct. Here, if anything, it can be but an indirect inference from the failure to deny a claim that was being asserted by plaintiff.

We think the ruling dismissing the case was right.

Order affirmed.