## MOLLOY v. KELLOGG et al.

(Court of Appeals of District of Columbia. Submitted February 7, 1922. Decided March 6, 1922.)

### No. 3507.

1. **Sales ☞173—Buyer, breaking contract, cannot question seller's willingness to perform.**

   A buyer, who admitted he had failed to furnish shipping instructions as required by the contract, cannot be heard to say that the sellers could not or would not have performed their part of the contract, if he had not breached his.

2. **Contracts ☞338(4)—Prior practice of parties immaterial as to point covered by written contract.**

   Statements in an affidavit of defense as to the practice of the parties under prior contracts are immaterial as to a provision of the contract, which was in writing and must speak for itself.

3. **Sales ☞378—Defense as to market price before termination of contract period held insufficient.**

   In an action for loss by sale in the open market after the termination of the period during which the buyer was entitled to take the goods, an affidavit of defense that the market price exceeded the contract price prior to the termination of the contract was insufficient.

4. **Pleading ☞155—Affidavit of defense, stating what defendant expects to prove, is insufficient.**

   An affidavit of defense, stating that defendant expected to be able to prove certain fact, was fatally defective as expressing only an expectation.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Pleading ⬥⟶348—Affidavit of defense viewed in most favorable light before rendering summary judgment.**

The affidavit of defense must be viewed in its most favorable light in determining the right to judgment under the seventy-third rule.

Appeal from the Supreme Court of the District of Columbia.

Action by George Kellogg and another, trading as Kellogg & Miller, against Thomas J. Molloy. Judgment for plaintiffs for insufficiency of the affidavit of defense, and defendant appeals. Affirmed.

L. A. Bailey and J. William Shea, both of Washington, D. C., for appellant.

George E. Hamilton and John J. Hamilton, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District for the plaintiffs, appellees here, under the seventy-third rule.

Plaintiffs, in their declaration, sought the recovery of $510, alleged to represent the loss sustained upon the sale on the open market of 20 barrels of oil, which ·defendant had contracted to purchase, but had not accepted in accordance with the terms of the contract. The declaration was accompanied by the usual affidavit of merit.

In the declaration it is averred:

"Deliveries in 5-barrel lots were to be made between the months of April and September, 1920, upon the buyer furnishing shipping instructions to the plaintiffs, and election of kind of oil desired by him, said shipping instructions to be given in ample time to enable seller to execute the orders within the contract period above named."

After averring their readiness and willingness to make deliveries according to the terms of the contract, plaintiffs set forth that during the contract period they frequently called upon defendant to furnish them with shipping instructions and to accept and receive shipments of oil, and that defendant failed and refused to comply with these requests. Plaintiffs further averred that after the expiration of the contract they sold the oil upon the open market, with the loss indicated.

In his affidavit of defense defendant alleges that he is informed and believes and expects to be able to prove "that, at all times during the life of the contract mentioned in the plaintiffs' declaration," they were not ready and willing to make the deliveries therein called for, and "that during all said period the open market prices of oil at the place of delivery mentioned in said contract exceeded the price fixed by said contract, excepting as to the 5 barrels of oil to be delivered in September; that said open market price on September 30th, 1920, was one dollar and seventeen cents ($1.17) per 7½ pounds in 5-barrel lots." Defendant further avers that in previous dealings shipping instructions had been waived, and that the contract provided that "in the absence of specifications seller to have privilege of filling contract with raw oil"; that he understood that, if he did not send shipping specifications, plaintiffs would send raw oil; that plaintiffs did not repeatedly request such instructions, and that the only communication from them during the

life of the contract was a letter from their agent, under date of September 22, 1920, "following his telephone message, when the market price of oil was below the contract price." Finally, defendant avers that he expects to be able to prove that the 15 barrels of oil to be delivered under the contract in April, May, and June were sold "during that period" at prices in excess of the contract price.

[1] Having failed to furnish plaintiffs shipping instructions, as required by the contract, defendant is not in a position to question the ability of plaintiffs to fulfill their part of the contract, and hence the averment that plaintiffs were not ready and willing to fulfill the terms of the contract constitutes no defense. Defendant's failure to give the shipping instructions effected a breach of the contract and he cannot now be heard to say that plaintiffs could not or would not have performed their part of it. Delker Co. v. Hess Spring Co., 138 Fed. 647, 71 C. C. A. 97.

[2-4] Nor is the averment as to practice under prior contracts material here, for the contract, which is in writing, must speak for itself. Slater v. Van Der Hoogt, 23 App. D. C. 417. And as to the averments relating to market price it will be noted that they are restricted as to time to the duration of the contract, while the declaration avers that the sale was made "after the expiration" of the contract. Defendant's last averment, that "I expect to be able to prove that the 15 barrels of oil to be delivered to me under the contract" were sold by the plaintiffs during that period at prices in excess of the contract price, is fatally defective, since it expresses nothing more than expectation without stating grounds for even that.

[5] Viewing this affidavit of defense in its most favorable light, as we are bound to do (Codington v. Standard Bank, 40 App. D. C. 409), we are constrained to hold that no defense is stated therein. The judgment, therefore, must be affirmed, with costs.

Affirmed.