# E. W. KLINE v. MINNESOTA CENTRAL CREAMERIES.[1]

May 25, 1923.

No. 23,467.

**Memorandum of sale sufficient to satisfy statute of frauds.**

1. Telegrams and letters between the parties, signed by them, show such connection, without the aid of oral testimony, that they constitute a memorandum sufficient to satisfy the statute of frauds and prove the purchase of a carload of coal by defendant, and also indicate an admission by defendant that such a contract of purchase had been made.

**Submission to jury whether merchandise was accepted not prejudicial to defendant.**

2. There being established a memorandum of purchase complying with the statute of frauds, the ruling of the trial court that no such memorandum was shown, the submission to the jury of the issue of acceptance of the merchandise, and the verdict that there was, though erroneous, did not harm defendant.

**New trial on ground that one pleaded defense was not litigated.**

3. A defendant who has not offered to prove one of the defenses pleaded, cannot, as a matter of right, ask for a new trial in this court to litigate such defense on the plea that he was misled by the attitude of the court upon issues involved in a plaintiff's cause of action, especially where no ground of that sort was presented in the motion for a new trial in the court below.

Action in the district court for Brown county to recover $486.50, the price of a carload of coal. The case was tried before Olsen, J., who when plaintiff rested, denied defendant's motion to dismiss the action and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $357.51. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Somsen, Dempsey & Flor,* for appellant.

*Mueller & Streissguth,* for respondent.

[1]Reported in 193 N. W. 958.

HOLT, J.

Plaintiff was a coal dealer in Minneapolis, and defendant was operating a creamery at New Ulm, in July and August, 1922. The dispute arises out of the claimed sale of two carloads of coal. Plaintiff sued for damages occasioned by defendant's refusal to receive a carload tendered at New Ulm on August 29, or September 1 and ordered about August 11. Defendant denied a valid purchase because the agreement was oral and within the statute of frauds, and counterclaimed for damages on account of plaintiff's failure to deliver, for the price agreed upon, a carload of coal ordered July 12. A verdict was rendered for plaintiff in an amount which plainly indicates that the counterclaim was sustained and offset against the damages awarded on plaintiff's cause of action. Defendant appeals from the order denying its motion for a new trial.

The court held that the writings introduced by plaintiff did not show a valid contract for the purchase of a carload of coal in August, but submitted to the jury whether there had been an acceptance thereof by defendant.

On August 11, 1922, plaintiff wrote defendant: "We are pleased to advise that we are able to get you a car of Splint Mine Run as per your request over the phone yesterday, acknowledgement of which is herewith inclosed." The inclosure, dated the same day, was a formal acknowledgement of the telephone order, specifying the same, the kind of coal, the price, and the routing. August 17 defendant telegraphed plaintiff: "Please rush car coal order." To which plaintiff replied on the same day by telegram stating: "Wire received you cannot expect coal inside week will trace and advise findings." The same day plaintiff wrote defendant, repeating the telegram in substance, and adding: "When we accepted your order we diverted the car nearest Chicago, which was C. & O. 8897, and have put tracers after same to effect prompt delivery." And, on August 26, defendants wrote and signed this letter to plaintiff: "We have received a bill for a car of coal but have not received the bill of lading. Please forward bill of lading at once." The bill referred to can be none other than Exhibit 6, an invoice, which gives the car No. C. & O. 8897, specifies this Splint Mine Run carload of coal and

states the weight and price. Defendant's president testified that when notified by the railway company of the arrival of the car at New Ulm on August 29, or September 1, he refused to examine or accept. There is no testimony to the contrary.

Under the Uniform Sales Act (subsection 3, § 4, c. 465, p. 768, Laws 1917), it is provided: "There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words 'or conduct his assent to becoming the owner of those specific goods." There was here no acceptance by words or conduct, unless the telegram of August 17 and the letter of August 26, may be so considered, wherein defendant directs car to be rushed and the bill of lading sent immediately. We do not think this amounts to an acceptance, bearing in mind that defendant had the right, even under a written contract, to examine before accepting. But this should not result in a new trial, for we are of opinion that the telegrams and writings above set out constitute a memorandum signed by defendant which complies with the statute of frauds. The invoice, Exhibit 6, referred to in defendant's signed communication of August 26, and then in its hands, contains the same car number as that of the letter confirming the telegram of August 17 sent by plaintiff in answer to defendant's of the same date to which its name is also attached. There are here a subscription by the party to be charged, a connection of the communications so as to identify the carload sold, full specification of price and quantity, and really an admission of an order or purchase by defendant. We think the writings come within the decision of Olson v. Sharpless, 53 Minn. 91, 55 N. W. 125, and that the principles stated in Upton Mill & Elev. Co. v. Baldwin F. Mills, 147 Minn. 205, 179 N. W. 904, and Quinn-Shepherdson Co. v. Triumph Farmers Elev. Co. 149 Minn. 24, 182 N. W. 710, applied to the writings herein establish a memorandum satisfying the statute of frauds. That being so, plaintiff was entitled to an instruction that there was a valid order for the coal, and defendant was not harmed by the submission of the question of an acceptance and the jury's finding thereon.

But defendant now contends that, if such be the view of this court, a new trial should be ordered so that the second defense in the answer may be litigated. This defense was that the purchase of the carload of coal in August was conditioned upon immediate delivery; that such delivery was not made; that plaintiff without right insisted upon a payment of $300 in advance of delivery, and that defendant canceled the purchase because of failure to deliver promptly and because of the demand for part payment in advance. There was no offer of any evidence to establish such defense. It is not at all perceived how the trial court's rulings could have misled counsel, for it was left to the jury to determine whether there had been a purchase of this coal by defendant so that a refusal to receive it entitled plaintiff to damages. And, in the motion for a new trial, there was no claim that defendant had refrained from offering evidence upon its second defense on the ground that counsel had been misled by the attitude of the trial court. In this situation defendant cannot as a matter of right ask for a new trial in this court to prove a defense it made no attempt to prove at the trial had. However, if it appeared probable that a new trial would promote the ends of justice we should be inclined, in the exercise of discretion, to grant one, were it within our power. But the record indicates rather plainly that the alleged defense is without merit. The order was to a dealer in Minneapolis, 100 miles from the place of delivery. The coal had to be brought from the east. At best the car was en route. Immediate delivery could not have been contemplated. The communications above set out negative the proposition. On August 26 defendant wrote acknowledging the receipt of the invoice and requested the bill of lading to be forwarded. This indicates that the time for delivery had not then expired according to defendant's understanding. The car arrived in New Ulm three days later. The demand of payment in advance appears to have relation to the car involved in the counterclaim and was made in a letter dated September 26, long after defendant's refusal to receive this carload offered in August.

We think the verdict right. Plaintiff was entitled to damages for failure to accept delivery of the carload bought by defendant in

August, and defendant was entitled to damages for failure to deliver the carload bought in July, 1922.

Order affirmed.