## UNION HAY COMPANY v. DES MOINES FLOUR AND FEED COMPANY.[1]

April 11, 1924.

No. 23,876.

**Memorandum of sale required by statute of frauds.**

1. The memorandum of a contract for the sale of goods, required by the statute of frauds, is not the contract but only the written evidence of it. It need not consist of a single paper. It is sufficient if the terms of the contract can be gathered from other writings, provided their connection is obvious without resort to parol evidence.

**Must contain time of delivery, if agreed on.**

2. The time of delivery of the goods, if agreed upon, is a material term of the contract and must appear in the memorandum.

**Statute satisfied.**

3. Within these rules the writings set out in the opinion constituted a sufficient memorandum to satisfy the requirements of the statute.

[1]Reported in 198 N. W. 312.

Action in the district court for Hennepin county to recover $1,260 for breach of contract. The case was tried before Buffington, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict, for amended findings or a new trial, defendant appealed. Affirmed.

*Koon, Whelan & Hempstead* and *Frank E. Clinite,* for appellant.

*Selover, Schultz & Mansfield* and *David R. Thomas,* for respondent.

LEES, C.

This action was brought to recover damages for the breach of a contract of sale. The trial court found for plaintiff and defendant appealed from an order denying its motion for a new trial.

The sole question is whether a memorandum of the contract sufficient to satisfy the requirements of the statute of frauds was signed by the defendant.

The sale was made on November 23, 1920. A memorandum, signed by defendant and mailed to plaintiff, was in the following form:

"Contract No. 664. Date November 23rd, 1920.

Confirmation of Purchase.

To Union Hay Company,

Minneapolis, Minnesota.

"We confirm purchase of you as per conversation of today of the following:

| Quantity | Package | Commodity | Price | Basis of Freight |
|---|---|---|---|---|
| 10-30 ton | 100 lb. | Standard Midds | $27.00 | Mpls. |

Time of Shipment: December

Term:

Consign to order of:

Consign to order of: Notify:

Destination: Mpls. turnover cars At:

Inter State Flour & Feed Co.

By A. C.

"Minneapolis Chamber of Commerce rules to govern this purchase. It is agreed that all goods covered by this contract are guaranteed

to arrive sound and sweet at Eastern destination, and all feed stuffs are pure and unadulterated unless otherwise specified."

On November 29 plaintiff wrote to defendant as follows:

"With reference to our sale to you of Nov. 23rd for 10 cars of standard midds at $27.00 f. o. b. Minneapolis, first half of December delivery, kindly let us have directions on these ten cars."

Defendant's reply, dated November 30, reads as follows:

"Referring to your letter of Nov. 29th. We wish to call your attention to the fact that your confirmation of this sale which you have dated Nov. 23rd, was not mailed until almost a week after the date of sale and same was received in our office late on the day of the 29th.

"We do not believe that we should be obliged to accept these middlings under the above condition although we are willing to abide by the decision of disinterested parties as to whether or not we are correct in the matter.

"Please let us hear from you in reference to same."

The confirmation of sale referred to in this letter differs from the confirmation signed by defendant, first, because no time of delivery is specified therein, unless the words "First half Dec. Please check this, if not correct notify us at once" have reference thereto; and second, because the reference to the rules of the Minneapolis Chamber of Commerce, following defendant's signature to its confirmation, do not appear upon the confirmation signed by plaintiff. After receiving defendant's letter of November 30, plaintiff tendered delivery of the middlings, sold them in the open market, after defendant refused to receive them, for $1,260 less than the price defendant was to pay, and was awarded that amount as damages for defendant's breach of the contract.

Plaintiff's president was the only witness who testified at the trial. The substance of his testimony was that he had a conversation with defendant's manager on November 23; that he offered to sell defendant 10 cars of standard middlings for delivery in the first half of December, 1920, and asked him what he would give for

them; that his reply was $27 a ton for 10 cars of 30 tons each; that no place of delivery was mentioned and that under a general trade custom, if the place was not specified in the contract, it was understood that delivery should be f. o. b. cars at the Minneapolis mills.

For the purpose of this discussion it must be assumed that the terms of the contract were as stated by the witness.

It is generally held that the memorandum is not the contract but only the written evidence of it which the statute requires. Bowers v. Whitney, 88 Minn. 168, 92 N. W. 540; Browne, St. of Frauds, § 344; 27 C. J. p. 256. Formerly the statute declared that unless its provisions were complied with, the contract should be void. Section 6999, G. S. 1913. The Uniform Sales Act declares that the contract shall not be enforceable unless the requirements of the statute have been observed. Section 4, chapter 465, p. 768, Laws 1917. There is a difference between a contract in writing and a memorandum in writing of an oral contract. The subject of the statute is oral contracts for the sale of goods. The requirement of a memorandum presupposes the existence of such a contract. The memorandum must contain a statement of the terms of the contract. It need not consist of a single paper. It is sufficient if the terms of the contract can be gathered from other writings, if their connection is obvious, without resort to parol evidence. 3 Dunnell Minn. Dig. § 8873.

The time of delivery, if it has been agreed upon, is a material term of the contract and must appear in the memorandum. Browne, St. of Frauds, § 384; 27 C. J. P. 279. Here, the oral contract provided for the delivery of the goods in the first half of December. The memorandum signed by defendant reads: "Time of shipment: December." Defendant contends that there is a difference between the contract and the memorandum in this particular and that it is fatal to plaintiff's right of recovery. The contention fails to take into consideration plaintiff's letter of November 29 and defendant's reply. It also losses sight of plaintiff's confirmation of the sale bearing the words: "First half Dec. Please check this, if not correct notify us at once." So far as the record shows, defendant at

no time asserted that delivery was not to be made in the first half of December or called attention to the difference in the wording of the two confirmations. The sole ground. on which it sought to escape from the contract, when it wrote the letter of November 30, was that it had not received plaintiff's confirmation until November. 29. If there was a variance in the statement of the time. of delivery, the two letters make it perfectly clear that delivery in the first half of December was contemplated by both parties, had been agreed upon when the contract of sale was made, and that defendant's confirmation was technically incorrect.

Obviously, when all of the writings are read together, a memorandum of the terms of the contract sufficient to comply with the requirements of the statute was proved by competent evidence.

Appellant contends that the reference to the rules of the Minneapolis Chamber of Commerce destroys the effect its signed confirmation might otherwise have as a memorandum because it adds conditions not attached to the contract when its terms were agreed upon. We need not determine what effect, if any, is to be given to a notation upon a memorandum purporting to modify the terms of the oral contract. The letters heretofore mentioned make no reference to the rules, were a sufficient memorandum when read together, and conform to the terms of the contract established by the testimony of plaintiff's president. Upton Mill & Elev. Co. v. Baldwin Flour Mills, 147 Minn. 205, 179 N. W. 904; Quinn-Sheperdson Co. v. Triumph Farmers Elev. Co. 149 Minn. 24, 182 N. W. 710.

Order affirmed.