*1037 OPINION.
ARTjndell:
We have held in the Appeal of Even Realty Co., 1 B. T. A. 355, that depreciation is a factor to be considered in arriving at the basis for determining the gain or loss on the sale of property. Does the fact that petitioner was under a contract obligation to sell his property for a definite amount and the King Sewing Machine Co. was under an equally binding obligation to purchase the property, serve to render inapplicable the rule in the above case here sought to be invoked by $be Commissioner ?
There is no question but that the buildings erected pursuant to the contract suffered physical depreciation from the date of their erection to the date of sale in 1920. But it does not follow that this depreciation is to be charged against the interest of the petitioner. The contract provided that the petitioner and his sister were to receive $234,556.14 for their interest in the property, plus 6 per cent on that agreed price up to the date of the transfer of title. It seems clear from a reading of the contract that the interest of petitioner and his sister in the property here involved constituted on July 12, 1910, and also on March 1, 1913, an asset of a basic value of $234,-556.14. The exact nature of this asset, however, must be determined by reference to the terms of the contract. Although petitioner and his sister retained the bare legal title to the property, they had put it beyond their power to reclaim the full rights and privileges of ownership. By the terms of this contract they acquired a right to receive a principal sum of $234,556.14, together with an annual income of 6 per cent of this amount from the date of the contract up to the payment of the principal sum. They reserved a further right to hold the legal title to the property until the other party to,the contract fully performed its obligations. The obligations of the parties and the time within which these obligations were to be performed were specificalty fixed. The petitioner had the right to receive a fixed sum of money on a determinable date. The King Sewing Machine Co. had the right to receive the full legal title to the property with all the appurtenant rights and privileges. These rights were definite and unchangeable. The time of performance did not vary either the amount to be paid or the right to be transferred. In 1920 when the transaction was completed by performance *1038 the petitioner and his sister still held the same asset and it was still worth $234,556.14. It had not appreciated nor had it depreciated in value.
Pursuant to the terms of the contract, certain buildings had -been erected, in part by the use of their own money, on the land to which petitioner and his sister held the legal title. Though petitioner and his sister held the legal title it was only a bare legal title subject to the provisions of the contract. When the right to receive the fixed principal sum was extinguished by performance, the legal title was transferred to the second party. But this action was only a foi’mality. The important thing 'was the wiping out of the contract right to receive the payment of $234,556.14. When it was extinguished the King Sewing Machine Co. could compel delivery of a deed. The buildings erected on the land may have depreciated, but there was no depreciation of the contract right above described. The reservation of title in petitioner and his sister was only as security for the protection of thi% contract right. When the right was relinquished in 1920 they received in return $234,556.14. This is the same sum they would have received had the right to purchase been exercised by the King Sewing Machine Co. in any previous year.
The conclusion here reached finds support in the well known and generally accepted principle of equity which is stated in Thompson on Beal Property, Yol. 5, §4290,-as follows:
Equity treats the executory contract as a conversion, whereby an equitable interest in the land is secured to the purchaser for whom the vendor holds the legal title in trust.
The vendor owns the purchase money and holds the legal title as security. See also Lenman v. Jones, 222 U. S. 51; Rexford v. Southern Woodland Co., 208 Fed. 295, affirmed in 225 Fed. 1022; Sewell v. Underhill, 111 N. Y. S. 85, affirmed in 197 N. Y. 168; 90 N. E. 430; Wagstaff v. Marcy, 54 N. Y. S. 1021. Especially is this true where the vendees under the contract to purchase have entered into possession and have made valuable - improvements. Carthage Tissue Paper Mills v. Village of Carthage, 200 N. Y. 1; 93 N. E. 60.
We conclude therefore that petitioner realized no gain upon the final transfer of his interest in the property pursuant to the contract entered into by him in 1910.

Order of redetermination in accordance with the foregoing fmdings of fact and opinion will be entered on 15 days’ notice, under Bule 50.

TRammell dissents.