**CENTRAL TIRE & ACCESSORY CO., Inc., et al. v. KOPERLIK.**

No. 5372.

Court of Appeals of District of Columbia.

Argued March 9, 1932.

Decided April 11, 1932.

Alvin L. Newmyer, of Washington, D. C., for appellants.

W. C. Sullivan and A. M. Hood, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District against the defendants (appellants here) because of an insufficient affidavit of defense.

The suit was brought by the Standard Tire Company, Inc., of Ohio, of which appellee is receiver, to recover the sum of $6,144.45, with interest, from the Central Tire & Accessory Company of the District of Columbia and from Albert Shapiro, Rebecca Shapiro, Samuel Zuckerman, and David Zuckerman, as guarantors. To its declaration, plaintiff attached a copy of the guaranty agreement and a bill of particulars. Plaintiff also filed an affidavit of merit, in accordance with law rule 73 of the court below.

In the guaranty agreement, dated June 5, 1928, plaintiff agreed to furnish upon the usual terms of credit goods to the corporate defendant, but which should "not, at any time, exceed in value, at trade prices, the sum of $7,500." The guarantors jointly and severally bound themselves to the punctual payment of the debts thereby authorized "as fully as if purchased on our own personal accounts." The agreement further provided: "It is understood, however, that as it (the corporate defendant) may make payment and reduce the amount of its indebtedness, it may from time to time purchase again, so that our liability shall at no time exceed the sum of $7,500.00 dollars; *and the acceptance of notes or drafts from it shall in no way impair or weaken the validity of this guaranty*, which is to be in full force and effect and virtue until revoked in writing." (Italics ours.) This contract was executed by Samuel Zuckerman, as president of the corporate defendant, and also signed by him in his individual capacity as one of the guarantors.

The bill of particulars contains the entire account (210 items) between the parties, with debits, credits, and balances. A number of items were for "money advanced to take up Item No.—, which had been discounted at bank." In the declaration and bill of particulars it is averred that the words as so used meant and represented only the following course of dealing between the buyer and seller, namely: that at times the corporate defendant gave a note or notes for its obligations to the plaintiff, and the plaintiff discounted the notes so given at banks; and when certain of the notes became due and the corporate defendant did not and could not pay, plaintiff sent its checks to take up such notes at the banks, and took new notes of the corporate defendant, sometimes for the whole of said notes and sometimes for part of the same, the defendant corporation paying the difference; that in every instance in which the language above quoted is used in the bill of particulars it relates to a note theretofore given by the corporate defendant, the amount of which at the time of giving the note was credited to the defendant corporation on the books of the plaintiff and is so credited in the bill of particulars; that the amount of each such item was but the debiting of the item so credited to the defendant corporation, and represented nothing more than a bookkeeping adjustment of the credits theretofore given.

In the affidavits of defense by the guarantors, they deny that the corporate defendant was indebted to the plaintiff for any goods or merchandise, and aver that the plaintiff was paid in full for all goods and merchandise sold and delivered to the corporate defendant; that the amount of money sought to be recovered represents money advanced and loans by the plaintiff to the defendant corporation; that the defendant corporation, as shown by the bill of particulars attached to the declaration, borrowed the sum of $15,848.38 from the plaintiff between September 20, 1928, and May 4, 1929, and has repaid all of that amount except $6,144.45, in addition to paying for all merchandise it had purchased. They deny that the amount of each item marked "money advanced" in the bill of particulars was but a debiting of the item previously credited to the defendant corporation, and say that the plaintiff in each instance actually loaned to defendant corporation money "which in many instances was only a part of

the sum representing the promissory note indebtedness then accrued"; that in all instances the defendant corporation paid the notes and drafts with its own funds, "although in some instances the plaintiff corporation did loan to the defendant corporation sums of money, but these loans of money were made by the plaintiff corporation to the defendant corporation without the knowledge or consent" of the guarantors.

On motion of the plaintiff, judgment was entered against all the defendants. The defendant corporation has not appealed, and Rebecca Shapiro having died previous to the entry of judgment, it was vacated as to her.

While it is true that an affidavit of defense will be liberally construed (Hazen v. Van Senden, 43 App. D. C. 161; Molloy v. Kellogg, 51 App. D. C. 302, 278 F. 1015; Wyatt v. Madden, 59 App. D. C. 38, 32 F. (2d) 838), it is equally true that it must raise a real doubt as to the right of the plaintiff to recover (King v. Curtin, 31 App. D. C. 23); and, where certainty of statement is possible, vague and equivocal statements will be "construed against the composer." (Cornwell v. Southern Maryland Trust Co., 53 App. D. C. 281, 283, 289 F. 939.)

In the present case plaintiff agreed to sell goods to the corporate defendant, upon the usual terms of credit in its trade, not to exceed in value at any one time the sum of $7,500. The guarantors bound themselves to the payment of the debt thereby authorized as fully as if the goods had been purchased on their own account. They expressly stipulated that the acceptance of notes or drafts from the corporate defendant should "in no way impair or weaken the validity of this guaranty," which was "to be in full force and virtue until revoked in writing." Plaintiff's affidavit of merit and bill of particulars contain every item of the account. Where notes were taken the transaction is set forth in detail. Defendants meet these allegations with mere conclusions. They do not point out an instance of any charge in the account that is not either for an original invoice of goods or for an unpaid note or check given for the payment of same. Nor do they point out the omission in the account of any credit due the corporation. They aver that "as shown by the bill of particulars" the corporate defendant borrowed the sum of $15,848.38 from the plaintiff and has repaid all of the amount except $6,144.45, which is the amount claimed in the declaration. Instead of the bill of particulars disclosing that this amount was borrowed, it discloses that it was money advanced at different times and in different amounts by plaintiff to banks to redeem notes which had been given plaintiff by the corporate defendant for goods purchased on credit and which had been discounted by plaintiff.

The failure of the guarantor defendants to allege facts instead of conclusions is emphasized when it is considered that one of their number, Samuel Zuckerman, was president of the corporate defendant and therefore in a position to challenge any inaccurate statement in the bill of particulars.

Judgment affirmed, with costs.

Affirmed.