## LELAND v. KLIGMAN.
### No. 9290.

United States Court of Appeals
District of Columbia.

Argued Jan. 21, 1947.

Decided Feb. 24, 1947.

Mr. Lowell H. Ewing, of Washington, D. C., with whom Mr. Walter F. Wood-ward, of Washington, D. C., was on the brief, for appellant.

Mr. Dan Piver, of Washington, D. C., with whom Mr. Joseph Sitnick, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON and CLARK and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a District Court judgment for specific performance of a contract for the conveyance of real estate entered into between appellant, defendant below, as seller and appellee, plaintiff below, as purchaser. The judgment was entered pursuant to plaintiff's motion for judgment on the pleadings. Appellant, while technically challenging this judgment for purposes of this appeal, does not seriously do so, but contends that the court erred in overruling her motion to vacate the judgment for specific performance presented on the ground that newly discovered evidence made it impossible for her to perform.

It is clear that the court was correct in entering the judgment on the pleadings since appellant, in her answer to the complaint for specific performance, admitted the ownership of the real estate, the contract for sale and her willingness to perform, but asked only for a reasonable time in which to perform because of interfering circumstances.

The new evidence on which the motion to vacate was founded consisted of a discovery by the title company handling the transaction that appellant had derived her title from Nelson Sylvester, to whom the property had been conveyed by appellant's brother, Theodore W. Leland, who had title only in capacity as Trustee under the will of appellant's mother, Annie Leland, which will read: "In trust to permit the said land and premises to be used and occupied as a family home by the said Martha E. Leland, Paul Leland and himself, until otherwise hereinafter directed. And in further trust, when my said family shall find it inexpedient or undesirable to longer use said land and premises as their home and all three of them shall so declare in writ-

---

[3] Cf. Cartwright v. Greenpoint Basin & Const. Co., D.C., 2 F.R.D. 338.

28

ing, then I direct my said Trustee to sell and convey the said land and premises in fee * * *." Appellant contends that under this express limitation on the power of the Trustee to convey only if all three heirs signed in writing Theodore relinquished only his own interest by his deed and that it is impossible for appellant to convey the realty except by agreement of her brother, Paul, who is a stranger to this litigation. Appellee, with full knowledge of these facts, expressed to the court a willingness to take whatever title appellant has.

At the hearing on the motion, appellant's witness, Elwood D. Hooper of The Lawyers' Title Insurance Corporation of Richmond, testified to the above facts concerning the chain of title but further stated that he was uncertain what interest the brother, Paul, had, whether it was a one-third interest in the realty or a right of action against the trustee for conveying without authority.

The court, in overruling the motion to vacate, took the view that appellant had not shown that she did not have a good title, but had only asserted that it was not a good title of record because a possible interest of unknown degree appeared on the record in a negative way and determined that she should comply with her contractual obligations.

We agree with the action of the trial court. The record shows the seller vested with legal title and she admits a willingness to perform. She cannot be excused from so doing merely because there is a possibility that her brother has an interest, whatever it might be, in the realty concerned. The court rightly did not concern himself with what this interest was or whether the title possessed by appellant was a good record title. Appellee expressed a willingness to take whatever title appellant had and the court was correct in his determination that appellant could and should carry out her contract. Cf. Lenman v. Jones, 33 App.D.C. 7, affirmed 222 U.S. 51, 32 S.Ct. 18, 56 L.Ed. 89.

Affirmed.