**SWEENEY v. JACOBSEN.**

Clv. A. No. 3114–50.

United States District Court
District of Columbia.

March 27, 1952.

William T. Hannan, Washington, D. C., for plaintiff.

Busby & Busby, Jeff Busby and Jeff Busby, Jr., Washington, D. C., for defendant.

394

KEECH, District Judge.

This is an action for damages for breach of a contract to purchase a dry-cleaning business. The complaint prayed specific performance or damages, but at the time of pre-trial the plaintiff abandoned the count for specific performance.

On May 31, 1950, the parties entered into an agreement for sale of the plaintiff's business to the defendant, and signed the following memorandum:

"Received of Charles P. Jacobsen a deposit of $500.00, representing partial payment on agreed price of $7,500.00 cash and assumption of existing note in purchase of business and machinery of Unity Cleaners, located at 826 Upshur Street, N. W., plus agreement of lease, formal contract to be drawn later, full settlement within 30 days hereof.

"(Signed)    Thomas J. Sweeney
"Agreed
"(Signed)    Charles P. Jacobsen III."

No formal contract was entered into as provided in the memorandum.

The evidence showed that the lease of the premises involved specifically provided that the lessee should not assign it or transfer possession of the premises or any part thereof without the written consent of the lessor, but that the lessor should not withhold his consent unreasonably. The original lessor died prior to May 31, 1950, and on that date the property was held by his heirs, one of whom was a minor.

During the settlement period plaintiff took up with the lessor's attorney the matter of obtaining their consent to assignment of the lease. As written consent to the assignment was not obtained during the thirty-day period, full settlement of the purchase agreement could not be consummated within that time. However, on June 30 the lessors' attorney wrote to the guardian of the minor heir's estate, stating that he had investigated the defendant's financial condition and was recommending to the real estate agent who handled the property that the assignment be consented to. He also informed the attorneys for the plaintiff and the defendant of his action.

Thereupon, by oral agreement the parties, through their attorneys, extended the time for settlement to July 6.[1] The defendant, who had been working in plaintiff's shop since some time prior to June 30 in order to familiarize himself with the business, continued to work there until July 5, the day before the new settlement date, when he told the plaintiff that he could not go through with the purchase, and that the plaintiff could keep his $500 deposit.

In January, 1951, the plaintiff sold the business to another purchaser for $4,500 cash plus assumption of the note on the equipment. He now claims the sum of $3,000 less the defendant's deposit of $500, as damages occasioned him by the defendant's breach of contract.

The defendant contends that the plaintiff breached the contract by failing to make full settlement within thirty days as stipulated in the written agreement, and demands return of his deposit of $500.

■■ Many questions of law have been been raised in this case. First, it is the defendant's position that the written memorandum is not sufficiently definite and certain to satisfy the statute of frauds. § 12–302, D.C.Code, 1940 Ed. Under the test laid down in Lenman v. Jones, 222 U.S. 51, 32 S.Ct. 18, 20, 56 L.Ed. 89, affirming 33 App.D.C. 7, the writing is sufficient. "It leaves no doubt in the mind of either lawyer or layman as to who was purchaser, who seller, what the land, or what the terms." While it is true that these elements are not stated in detail, there was no doubt in the mind of either party, and there is

[1]. The record of the trial discloses the following colloquy between court and counsel:

"The Court: Can we get an understanding as to what the settlement date was?

"Mr. Busby (defendant's counsel): I think that—Mr. Hannan can correct me—that I tried, after I telephoned Mr. Burton, with Mr. Hannan to get the 6th of July. Isn't that right?

"Mr. Hannan (plaintiff's counsel): That is right."

no dispute now, as to the meaning of any provision of the contract. While necessary elements of a writing required by the statute of frauds may not be supplied by parol, Ochs v. Weil, 79 U.S.App.D.C. 84, 142 F.2d 758, ambiguities in the terms may be resolved by other evidence, Barry v. Coombe, 1 Pet. 640, 26 U.S. 640, 7 L.Ed. 295.

■ Execution of a formal contract, as contemplated by the memorandum, was not necessary to effect a valid contract between the parties, as there was a full and definite agreement as to all the essentials which the parties intended to be binding. 1 Williston on Contracts, Rev.Ed., § 28.

■ The defendant further contends that the terms of the written contract of May 31, 1950, could not be orally extended, for to do so would render the whole contract parol and in violation of the statute of frauds. I recognize that there is a division of authority on the question whether or not the time for performance of a written contract within the statute of frauds may be extended by oral agreement. That this split of opinion existed even in the English courts is shown by the discussion in Cummings v. Arnold, 3 Metc., Mass., 486, 37 Am.Dec. 155. No prior decision on the point in this jurisdiction has been brought to my attention. However, there are decisions of other federal courts holding such extensions valid. Hayes Mfg. Corporation v. McCauley, 6 Cir., 140 F.2d 187; Stamey v. Hemple, 9 Cir., 173 F. 61. In my view, the better reasoned cases hold that where time is not of the essence of a written contract within the statute of frauds, strict compliance with a covenant as to time of performance may be waived, prior to breach, by oral agreement of the parties without affecting the other provisions of the written contract, and that the mutual promises of the parties are sufficient consideration for such oral agreement. This conclusion was reached in Lewis Bros. v. Pendleton, Tex.Civ.App., 227 S.W. 502, a case involving facts very similar to those in the case at bar.

■ Although time of performance was specifically provided in the written memorandum of May 31, 1950, in view of the mutual agreement between the parties on or before June 30, 1950, to waive strict compliance and to extend the time for performance to July 6, as stipulated at the trial, and as further evidenced by the conduct of the parties after the thirty-day settlement period had expired, I find that time was not of the essence of the contract.

I therefore hold that the contract between the parties was in effect when the defendant repudiated it on July 5.

■■ The defendant raises the further point that there was no valid consent to the assignment of the lease because there was no compliance with § 21–211 of the District of Columbia Code, which provides for court approval of any "demise" of an infant's real estate. This section is inapplicable to the required consent, since assignment of an existing lease does not constitute a "demise." Johnson v. Kurn, 8 Cir., 95 F.2d 629, 632. However, even if the section were applicable, the defendant, having repudiated the contract before the settlement date, cannot now question the plaintiff's ability to perform his obligation. Molloy v. Kellogg, 51 App.D.C. 302, 304, 278 F. 1015.

■ For the foregoing reasons, I find that the defendant breached the contract and that the plaintiff is entitled to damages resulting to him from such breach, in the amount of the difference between the contract price and the market value of the business as of the time for performance of the contract, United States v. Burton Coal Co., 273 U.S. 337, 47 S.Ct. 351, 71 L.Ed. 670, less the $500 deposit paid him by the defendant.

Since there is no evidence of the market value of the business other than the resale price realized by the plaintiff, as to the reasonableness of which there has been no challenge, I find the plaintiff is entitled to judgment in the amount of $2,500 with interest from July 6, 1950.

The cross-complaint of the defendant must necessarily be dismissed.

Counsel will present appropriate findings of fact, conclusions of law, and judgment.