Nathan P. **WOLF**, Petitioner,

v.

**DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION,** Respondent.

No. 13667.

District of Columbia Court of Appeals.

Argued Feb. 26, 1979.

Decided May 9, 1980.

Nathan P. Wolf, pro se.

Frederick F. Stiehl, Asst. Corp. Counsel, Washington, D.C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D.C., at the time the brief was filed, and John C. Salyer, III, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Petitioner tenant presents two issues concerning agency interpretation of a statutory mandate. Petitioner claims that the Rental Accommodations Commission (hereafter "Commission") erred in finding that the apartment he rented was exempt from the rent control provisions of the Rental Accommodations Act of 1975 (hereafter "the Act").[1] He also alleges that he is entitled to treble damages under D.C.Code 1978 Supp., § 45–1655. We conclude that the Commission's interpretation of the scope of the Act's exemption provision [2] was reasonable under the circumstances and, therefore, we affirm the decision of the agency. Since the rental unit in this case is exempt

---

1. D.C.Code 1978 Supp., § 45–1631 et seq.

2. D.C.Code 1978 Supp., § 45–1642(a)(5).

from the rent control provisions of the Act, we do not reach the issue of treble damages under § 45–1655.

## I

At the time this suit arose, the Rental Accommodations Act specifically exempted from its coverage

> any rental unit rented to another by the occupant of a housing accommodation of not more than two rental units, whether such occupant is the owner or a tenant who rents such housing accommodation.[3]

In May 1974, petitioner rented one of two apartments at 2104 Newport Place, N.W., a building owned by the 21st and Newport Limited Partnership. Carl Zebooker was the sole general partner of the entity, while his sister and his father, Jay Zebooker, were limited partners. The lease agreement entered into by petitioner was signed by Jay Zebooker. The original term of the tenancy was one year. At the end of the year in May of 1975, the tenancy continued with the consent of Jay Zebooker. Shortly before November 1, 1975, when the Rental Accommodations Act went into effect, Carl Zebooker, the general partner, moved into the second unit at 2104 Newport Place, N.W. Throughout petitioner's tenancy, Carl Zebooker assumed management of the property, and petitioner considered him to be the landlord. Carl Zebooker accepted rent payments, gave various notices to petitioner related to the tenancy, and took care of maintenance work and repairs. The early pleadings in this case reveal that Carl Zebooker originally was named as the landlord and consistently referred to as such. It was not until midway through this litigation, when Carl Zebooker raised the statutory exemption as a defense, that the partnership was named as landlord.

In May 1976, petitioner was notified that his rent was to increase from $200 to $500 per month. His tenancy terminated in August 1976, after he received a notice to vacate. On May 27, 1976, petitioner filed a complaint with the District of Columbia Rental Accommodations Office challenging the rent increase as well as the eviction, and requesting a hearing. He contended that the rental unit was not exempt from rent control under D.C.Code 1978 Supp., § 45–1642(a)(5), because the apartment was not leased to him by the occupant in 1974 but rather by the partnership that owned the building. He asked the Commission to decide whether Carl Zebooker could be considered to have rented the unit to petitioner, although the partnership owned the premises and the lease was signed by Jay Zebooker. After several hearings, the Commission held that the unit was exempt from rent control from the date Carl Zebooker moved into the premises in September 1975.[4] In analyzing the statutory language, the legislative history of the exemption and the circumstances of this case, the Commission determined that the lease came within the exemption. It found that

> [t]he Examiner did not err in his ruling of exemption. The subsection applied to "occupants" whether or not they were the property owners. There was sufficient identity between the lessor landlord partnership and the occupant of the other unit, Mr. Zebooker, to hold that this landlord-tenant relationship fell within the circumstances described by the subsection. . . . We believe that the exemption was based on the assumption that when the landlord and tenant are co-occupants of the same housing accommodations there is sufficient contact to make the landlord responsive to the tenant's problems and otherwise discourage exploitation of the tight housing market. We therefore conclude that the situation in this case fell within the scope of Section 202(a)(5) and that the tenant's rental unit was exempt from control from the

---

3. *Id.* The Rental Accommodations Act of 1975 was replaced by the Rental Housing Act of 1977, D.C.Code 1979 Supp., §§ 45–1681 through –1699.27, which became effective on March 16, 1978.

4. Neither the record nor the briefs on petition for review reflect the exact date Carl Zebooker moved into the Newport Place apartment.

date Mr. Zebooker moved into the premises in September 1975.[5]

The Commission further concluded that the exemption applied regardless of the fact that Carl Zebooker did not move into the Newport Place address until after the tenant and, in any event, Mr. Zebooker occupied the unit as of the effective date of the 1975 Act.

## II

The Rental Accommodations Commission is charged with the execution of the Rental Accommodations Act. Accordingly, the Commission's interpretation of the Act is given great deference. Its interpretation should be accepted "unless there are compelling indications that it is wrong." *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969). Consequently, we will defer to the Commission's construction of the exemption provision if we find that it is reasonable and does not contravene the language or legislative history of the statute. *See Totz v. District of Columbia Rental Accommodations Comm'n*, D.C.App., 412 A.2d 44 at 46 (1980); *DeLevay v. District of Columbia Rental Accommodations Comm'n*, D.C.App., 411 A.2d 354, 359 (1980); *1880 Columbia Road, N.W., Tenants' Association v. District of Columbia Rental Accommodations Comm'n*, D.C.App., 400 A.2d 333, 337 (1979).

We hold that the agency's interpretation of the exemption provision was reasonable in light of both the express language of the statute and the available legislative history. The committee report published by the District of Columbia Housing and Urban Development Committee states that the exemption provision was intended to apply to "any rental unit in an owner or renter occupied residence containing not more than two rental units" in order "to eliminate small units which are generally not primarily operated as a housing business." [6] The primary legislative purpose in promulgating rent controls was to alleviate the exploitation of tenants that resulted from the tight housing market in the District.[7]

It was reasonable for the Commission to conclude that in this case, the purpose and protections of the statute were effectuated by the relationship between Carl Zebooker and petitioner.[8] It was also reasonable for the Commission to conclude that the close identity between Carl Zebooker and the partnership qualified as circumstances contemplated within the coverage of the exemption. Finding no agency action that contravenes the spirit or the letter of the statutory mandate, we affirm.

*Affirmed.*

---

5. *Decision and Order of the District of Columbia Rental Accommodation Commission*, July 6, 1978, at 3.

6. Council of the District of Columbia Report, July 31, 1975, at 23.

7. Council of the District of Columbia Report, May 19, 1975, at 28–29 (quoted in *Apartment and Office Bldg. Assoc. of Metropolitan Washington v. Washington*, D.C.App., 381 A.2d 588, 590 (1977)).

8. We agree with the Commission that Carl Zebooker's occupancy of the Newport Place *apartment* need only be proved as of the time the 1975 law was in effect in order to qualify for the § 45–1642(a)(5) exemption. As a general rule, statutes are to be construed as having only a prospective operation, unless there is a clear legislative showing that they are to be given a retroactive or retrospective effect. *See Mendes v. Johnson*, D.C.App., 389 A.2d 781, 789 n. 22 (1978) (en banc); *Peters v. District of Columbia*, D.C.Mun.App., 84 A.2d 115, 117 (1951); *In Matter of District of Columbia Workmen's Comp. Act*, 180 U.S.App.D.C. 216, 220, 554 F.2d 1075, 1079, *cert. denied sub nom. J. Frank Kelly, Inc. v. Swinton*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976); *Neild v. District of Columbia*, 71 App.D.C. 306, 314, 110 F.2d 246, 254 (D.C.Cir.1940). Thus, it would be inappropriate to require Carl Zebooker to comply with the occupancy requirement before November 1, 1975, when the 1975 Act became effective.