**TRUSTEE 1245 13TH STREET, NW # 608 TRUST, Appellant,**

v.

**Edwin ANDERSON, Appellee.**

**No. 04–CV–1225.**

District of Columbia Court of Appeals.

Argued Oct. 27, 2005.
Decided July 27, 2006.

---

John E. Reid, for appellant.

Michael N. Russo, Jr., with whom Stephen A. Oberg, Annapolis, MD, was on the brief, for appellee.

Before GLICKMAN, RUIZ and KRAMER, Associate Judges.

KRAMER, Associate Judge:

This appeal involves a challenge to the trial court's grant of summary judgment in a tax foreclosure action which revoked the court's prior default judgment in favor of the appellant. Since we find that the trial court correctly applied the law in its summary judgment order, we affirm.

## I. Background

This appeal involves real property located in the District of Columbia at 1245 13th Street, # 608, Northwest ("the property"). Thomas Browner became owner of this property on March 22, 1995, and subsequently defaulted on his property taxes. As a result, the District of Columbia placed a tax lien on the property on October 1, 1996. The District later sold the lien to District TLC Trust, which in turn filed this foreclosure action against Brown-

er in Superior Court on December 15, 2000. During the pendency of the case, District TLC Trust sold its interest in the property to the appellant, 13th Street, NW # 608 Trust. All parties with an interest in the property were duly notified of the foreclosure action. After none of the interested parties responded to the court, the appellant filed an unopposed motion for default judgment which was granted on June 4, 2003.

Meanwhile, Browner entered into a contract for sale of the property with the appellee, Edward Anderson, on January 28, 2003, prior to the default judgment entered in favor of the appellant.[1] Browner executed the deed to the property in favor of the appellee on August 28, 2003. Anderson had no actual notice of the tax foreclosure when he entered into the contract to purchase the property and only became aware of the action after the deed was conveyed. Once the appellee discovered the foreclosure action, he filed a motion to intervene in the matter on January 21, 2004. The motion to intervene was granted and simultaneously the previous default judgment was vacated.

After the appellant rejected Anderson's repeated attempts to redeem the property, Anderson filed a motion for summary judgment, which was granted on July 29, 2004. In its order, the trial court applied the doctrine of equitable conversion, finding that Anderson had come into ownership of the property on the date he had entered into the contract for sale with Browner, thereby rejecting the appellant's argument that title only passed once the deed was conveyed. The trial court found that there was a "valid, enforceable sales contract to convey the property," and also that the appellant was bound to accept Anderson's payment for redemption of the property.

## II. Analysis

The appellant argues that the trial court erred in granting summary judgment because *lis pendens*[2] defeats the application of equitable conversion. First, the appellant claims that the contract for sale between Anderson and Browner was void and therefore unenforceable. Since the appellant did not raise this argument in the trial court, we will not consider this claim on appeal. *See, e.g., Wallace v. Skadden, Arps, Slate, Meagher & Flom LLP,* 799 A.2d 381, 388 (D.C.2002) ("[A]rguments not raised in the trial court are ordinarily waived on appeal.") (citing *Hollins v. [Federal Nat. Mortg. Ass'n] Fannie Mae,* 760 A.2d 563, 572 (D.C.2000)).

Second, the appellant contends that the mere filing of the foreclosure action in this case triggered *lis pendens* protection, which defeated Anderson's claim to the property based on equitable conversion. We review the trial court's grant of summary judgment de novo. *See, e.g., Jane W. v. President & Dirs. of Georgetown College,* 863 A.2d 821, 825 (D.C.2004) ("In reviewing a trial court's order granting summary judgment, we conduct an independent review of the record, and our standard of review is the same as the trial court's standard in considering the motion for summary judgment."). Summary judgment is only appropriate where there

---

1. Mr. Browner also filed for bankruptcy in U.S. Bankruptcy Court while the foreclosure action was pending, but did not include the property at issue in this case in that action. Since the bankruptcy proceedings have no significance to this appeal, we do not include those facts in our analysis here.

2. *Lis pendens* is translated literally as "a pending lawsuit." BLACK'S LAW DICTIONARY 950 (8th ed. 1999).

is "no genuine issue of material fact and [the moving party] is entitled to judgment as a matter of law." *Childs v. Purll*, 882 A.2d 227, 233 (D.C.2005). In considering summary judgment, we view the facts in the light most favorable to the non-moving party. *LaPrade v. Rosinsky*, 882 A.2d 192, 196 (D.C.2005).

## A. Equitable Conversion

■ The doctrine of equitable conversion "follow[s] from the view that equity regards as having been done that which ought to be done, and which equity would order done...." ROGER A. CUNNINGHAM, WILLIAM B. STOEBUCK & DALE A. WHITMAN, THE LAW OF PROPERTY § 10.13 (2d Ed. 1993). Common law equitable conversion "views a contract of sale as immediately vesting the purchaser with beneficial ownership of the realty, and limiting the property interest of the vendor to the promised consideration ... retaining legal title only as trustee for the purchaser until the deed of conveyance is delivered." *Gustin v. Stegall*, 347 A.2d 917, 922 (D.C.1975), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2174, 48 L.Ed.2d 798 (1976). *See* CUNNINGHAM, STOEBUCK & WHITMAN § 10.13 ("[O]nce the parties have entered into a contract that equity would specifically enforce, the buyer's interest in the contract is converted into real estate and the seller's interest into personal property."). Equitable conversion has long been recognized and applied in the District of Columbia. *See Lenman v. Jones*, 33 App. D.C. 7, 23 (1909), *aff'd*, 222 U.S. 51, 32 S.Ct. 18, 56 L.Ed. 89 (1911); *see also SMS Assocs. v. Clay*, 868 F.Supp. 337, 340 (D.D.C.1994) ("The District of Columbia both recognizes and adheres to the doctrine of equitable conversion.") (citing *Liberty Nat'l Bank of Washington v. Smoot*, 135 F.Supp. 654, 659 (D.D.C.1955)), *aff'd*, 315 U.S.App.D.C. 77, 70 F.3d 638 (1995); *Gustin, supra*, 347 A.2d at 922–923; *District of Columbia v.*

*Riggs Nat'l Bank*, 335 A.2d 238, 243 n. 7 (D.C.1975).·

■ Equitable conversion was appropriately applied in this case. Ownership of the property passed from Browner, the former owner, to the appellee when they entered into the sales contract on January 28, 2003, in accordance with the well-settled law of this jurisdiction. This transaction occurred prior to the default judgment in the foreclosure case on June 4, 2003, which would have taken good title away from Browner. The doctrine of equitable conversion thus dictates that the appellee is the proper owner of the property, and the trial court appropriately applied the law in granting summary judgment.

## B. *Lis Pendens*

■ The appellant, however, argues that equitable conversion should not apply in this case because of the common law doctrine of *lis pendens*. That doctrine prevents change in the status of real property during the pendency of litigation. Specifically:

> [N]othing relating to the subject matter of the suit [can] be changed while it [is] pending and one acquiring an interest in the property involved therein from a party thereto [takes] such interest subject to the parties' rights as finally determined[,] and [is] conclusively bound by the results of the litigation.

*Lewis v. Jordan Inv., Inc.*, 725 A.2d 495, 500 (D.C.1999) (citing *First Maryland Fin. Servs., Corp. v. District–Realty Title Ins. Corp.*, 548 A.2d 787, 791 (D.C.1988)). Common law *lis pendens* was applied by this court in *Lewis, supra*.

In 2000, the Council enacted a *lis pendens* statute, codified at D.C.Code § 45–906.1, now § 42–1207, thereby overriding the common law. This provision establishes:

The pendency of an action or proceeding in either state or federal court in the District of Columbia, or in any other state, federal, or territorial court, affecting the title to or asserting a mortgage, lien, security interest, or other interest in real property situated in the District of Columbia, does not constitute notice to, and shall not affect a party not a party thereto, unless a notice of the pendency of the action or proceeding is filed for recordation. . . .

D.C.Code § 42–1207(a) (2005 Supp.) (emphasis added). D.C.Code § 42–1207(b) sets out the *lis pendens* notice filing requirements. It appears that § 42–1207 was enacted in large part as a response to the court's holding in *Lewis, supra,* which recognized that the mere filing of a lawsuit effectuated *lis pendens,* without any other sort of notification to potential property buyers. *Lewis* was decided on February 25, 1999, and the "Fairness in Real Estate Transactions and Retirement Funds Protection Act" was signed into law in early 2000, becoming effective on June 24, 2000. The legislative history indicates that one of the bill's main purposes was to "require[ ] that notice of litigation concerning real estate be filed with the Recorder of Deeds, thus providing persons with notice of litigation that could affect good title to real estate." Accordingly, § 42–1207(b) sets out very specific requirements in order to invoke *lis pendens* protection in real property matters.

■ Based on this history and the current state of the law in this jurisdiction, we find that the mere filing of the foreclosure action in this case did not invoke *lis pendens.* The appellant is asking this court to apply common law *lis pendens,* which was clearly overruled by the passage of D.C.Code § 42–1207. Furthermore, there is nothing in the relevant statute, D.C.Code § 47–1301 *et seq.,*[3] that would render § 42–1207 inapplicable to tax foreclosure actions.[4] Since neither the appellant nor its predecessor in interest filed "a notice of the pendency of [the foreclosure] action ... for recordation" pursuant to D.C.Code § 42–1207, that protection cannot be afforded. Therefore, the appellee has valid title to the property by equitable conversion, undisturbed by the foreclosure action since *lis pendens* was not invoked, and thus summary judgment was appropriately granted for the appellee in this matter.[5] Accordingly, the trial court is

*Affirmed.*

■

**3.** There are two tax statutes in the District: D.C.Code § 47–1301 *et seq.* ("chapter 13") and D.C.Code § 47–1330 *et seq.* ("chapter 13A"). Since the District sold the tax lien in this case to District TLC Trust prior to January 1, 2001, chapter 13 is the applicable statute. *See* D.C.Code § 47–1385 (2005 Supp.). Nonetheless, there is nothing in either chapter 13 or chapter 13A that would preclude § 47–1207 from applying to tax sales.

**4.** We note that while there is nothing in the tax sale statute that requires the filing of a *lis pendens* in order to obtain a valid judgment, a party must still file a *lis pendens* in order to invoke its protections.

**5.** Anderson's valid title is still subject to his redeeming the property from the appellant, as the trial court stated in its order.