Patrick McATEER, Appellant,

v.

William E. LAUTERBACH,
et al., Appellees.

No. 06–CV–976.

District of Columbia Court of Appeals.

Decided Oct. 12, 2006.

Lawrence J. Gebhardt and Ramsay M. Whitworth, Baltimore, MD, filed a memorandum for appellant.

Dennis M. Hart, Washington, Joanne Early, Steven C. Lockhart, and Connor Sheehan filed a memorandum for appellee.

Before FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

This is an appeal from the Superior Court's grant of a motion by the defendants-appellees to cancel and release notices of *lis pendens* (or pendency of an action) which had been filed with the Recorder of Deeds by the plaintiff-appellant pursuant to D.C.Code § 42–1207 (2001). The plaintiff had filed the notices in connection with his suit in Superior Court alleging fraud (common law and securities) and breaches of fiduciary duty or contract by the defendants. Essentially, the suit alleged that the defendants had bilked the plaintiff of more than one and a half million dollars by promising him an interest in certain business ventures, then conveying him a nearly worthless interest, and using his money as part payment for certain real properties they purchased. Besides monetary damages, the plaintiff asked for the imposition of a constructive trust or equitable lien on those real properties. He simultaneously filed notices of *lis pendens* under § 42–1207 to evidence the interest he claimed in the real estate.

■■■ The sole issue before this motions division is whether the order granting the motion to cancel and release these notices is appealable, even though it is not "final." *See* D.C.Code § 11–721(a)(1) (2001).[1] We hold that it is appealable under the collateral order doctrine. *See generally Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Under the collateral order doctrine, interlocutory orders are appealable if they (1) conclusively determine a disputed question of law; (2) resolve an important issue separate from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment. *In re Ti.B.*, 762 A.2d 20, 25 (D.C.2000); *see also, e.g., Bible Way Church v. Beards*, 680 A.2d 419, 425–26 (D.C.1996).

First, in moving to cancel the *lis pendens* notices, the defendants contended that a mere request for imposition of a constructive trust or equitable lien on property as part of the relief requested in a suit is not enough to justify filing a notice of *lis pendens*. The trial court agreed with that position and granted their motion, thereby "conclusively determin[ing]" that legal issue for purposes of this case. Further, the issue resolved by the judge's order is separate from the merits of the plaintiff's underlying suit for fraud and breach of contract or fiduciary duty. In granting the motion to cancel, the judge reasoned as follows:

First, McAteer is seeking legal remedies in addition to equitable relief, and he does not claim that either money damages (to make him whole), or restitution (to prevent unjust enrichment) will not be an adequate remedy. [Citation omitted.] And without a showing that a money recovery is inadequate, McAteer is not entitled to a constructive trust or equitable lien on the land. Therefore, under these conditions, the court considers the paralyzing result of a notice of *lis pendens* overly harsh to Global Anacostia.

Second, even if the court eventually reaches the question of whether a con-

---

1. An order is final for appeal purposes only if it disposes of the entire case as to all parties and all claims on the merits. *See In re Estate of Tran Van Chuong*, 623 A.2d 1154, 1157 (D.C.1993). As the plaintiff's underlying suit is ongoing, the disputed order is not final, a point on which the parties agree.

structive trust or equitable lien on the land at issue is warranted, to get that relief, McAteer must then prove that the acquisition of the land is "traceable to the wrongful behavior." [Citation omitted.] At this stage in the proceedings, McAteer's theory that the defendants purchased the [property in question] with his funds is based on information and belief, not proof. Therefore, the court considers the mere allegation of a right to a constructive trust or equitable lien insufficient to place a cloud on the title to that land.

The correctness of this analysis is not before us, but what *is* apparent is that deciding that question will not involve this court in consideration of the merits of the plaintiff's underlying suit. Although the trial judge, in cancelling the notices, considered the nature of the relief the plaintiff was seeking, that had nothing to do with—and, if reviewed on appeal, would have nothing to do with—whether the allegations of fraud and breach of contract or fiduciary duty alleged in the complaint are true.

Further, the operative language of the District's *lis pendens* statute—providing for notice to be given of the pendency of an action "affecting the title to or asserting a mortgage, lien, . . . or other interest in real property," § 42–1207(a)—has not been interpreted by this court thus far,[2] so that a decision in this case discussing the conditions necessary to justify a *lis pendens* may give helpful (*i.e.*, "important") guidance to the trial court and to parties beyond those involved in this case.

Finally, if the order cancelling the *lis pendens* notice is not reviewable at this time, it may be effectively unreviewable at all. The plaintiff contends, and the defendants do not dispute for present purposes, that efforts have been made to transfer or encumber the real properties in question— efforts the *lis pendens* may have had some role in preventing. The risk that property will be transferred before litigation affecting an interest in it is concluded is part of the *raison d'etre* of the *lis pendens* statute.

■ For these reasons, we agree with other jurisdictions that have found orders cancelling or expunging a notice of *lis pendens* to be appealable. As the Supreme Court of Hawaii explained:

> An order expunging a *lis pendens* meets the three criteria [of the collateral order doctrine]. The order conclusively resolves whether the *lis pendens* should or should not be cancelled because nothing further in the suit can affect the validity of the notice. The order cancelling the *lis pendens* does not address the merits of the underlying claim. And if the movant had to wait until final judgment on the underlying claim, the realty could be sold before the issue was resolved, thereby rendering the order unreviewable.

*Knauer v. Foote,* 101 Hawai'i 81, 63 P.3d 389, 393 (2003). *See also Scroggins v. Edmondson,* 250 Ga. 430, 297 S.E.2d 469, 472 (1982); *Keith v. Bratton,* 738 F.2d 314, 316 (8th Cir.1984); *Chrysler Corp. v. Fedders Corp.,* 670 F.2d 1316, 1318 n. 2 (3d Cir.1982); *Suess v. Stapp,* 407 F.2d 662, 663 (7th Cir.1969).[3]

---

**2.** The statute was enacted in 2001. In our lone published decision construing the statute, *Trustee 1245 13th St., NW # 608 Trust v. Anderson,* 905 A.2d 181 (2006), we held that the mere filing of a foreclosure action, rather than the notice required by § 42–1207(a), is insufficient to invoke *lis pendens* in the District of Columbia.

**3.** In two distinguishable decisions, courts have held that cancellation of a notice of *lis*

pendens was not appealable. *Orange County v. Hongkong & Shanghai Banking Corp.,* 52 F.3d 821 (9th Cir.1995); *Demenus v. Tinton 35, Inc.,* 873 F.2d 50 (3d Cir.1989). The *lis pendens* statutes in those cases required the filer of the *lis pendens* notice to establish probable cause or "probable validity" as to success on the merits in the underlying action. The District of Columbia statute does not have that requirement.

Accordingly, because we have jurisdiction under the collateral order doctrine, this appeal may proceed.

*So ordered.*