**BANK OF AMERICA, N.A., Appellant,**

v.

**Mark G. GRIFFIN, Appellee.**

**No. 09–CV–387.**

District of Columbia Court of Appeals.

Argued March 22, 2010.

Decided Aug. 26, 2010.

---

Robert A. Scott, Baltimore, MD, for appellant.

Ashley E. Wiggins, Washington, DC, for appellee.

Before BLACKBURNE–RIGSBY, THOMPSON, and OBERLY, Associate Judges.

BLACKBURNE–RIGSBY, Associate Judge:

Appellant Bank of America ("Bank") appeals from the trial court's summary judgment award in favor of appellee, Trustee Mark G. Griffin. This case requires us to interpret the District of Columbia's *lis pendens* statute, D.C.Code § 42–1207 (2000), and decide (for the first time) whether it has retroactive effect vis-à-vis the common-law rights of priority that existed as of June 24, 2000, the day on which the statute took effect.[1] We conclude that it does not, and for the reasons explained more fully below, we affirm.

## I. Factual Background

The instant quiet-title action concerns a piece of property (the "Property") whose ownership had been contested in an earlier, separate lawsuit (the "Original Lawsuit"). The Original Lawsuit was filed June 11, 1999, by Charles T. Durosko's stepchildren to challenge his ownership of the Property. Durosko's stepchildren alleged that he had improperly transferred the Property from a marital trust into his own name. More than seven years after the Original Lawsuit was filed, on August 21, 2006, the trial court entered judgment in favor of Durosko's stepchildren, imposing a constructive trust (the "Trust") on the Property and ordering Durosko to convey it to the Trust free of all encumbrances.[2]

During the seven years in which the Original Lawsuit was pending, however, there were two important developments that are particularly relevant for our purposes here. First, the D.C. Council enacted a *lis pendens* statute that upended the common-law rule regarding rights of priority in the District of Columbia. *See* D.C.Code § 42–1207.[3] The "Notice of pendency of action (lis pendens)" statute went into effect on June 24, 2000, approximately one year after Durosko's stepchildren filed the Original Lawsuit. Second, about five months before the final judgment was entered in the Original Lawsuit, in March

---

1. We discussed briefly, but did not reach, this issue in *1st Atl. Guar. Corp. v. Tillerson,* 916 A.2d 153, 157 (D.C.2007).

2. Appellee was appointed Trustee to enforce the constructive Trust and to bring a quiet-title action against any person claiming an interest in the Property through Mr. Durosko.

3. For a more complete discussion about the statute's effect on the pre-existing common-law *lis pendens* system, see section II, *infra.*

2006, Mr. Durosko took out a mortgage on the Property from Seattle Mortgage Company ("Original Lender"). Mr. Durosko borrowed more than $250,000 and the Original Lender secured the loan with a deed of trust (the "Deed of Trust"). Appellant Bank is now the beneficiary of the Deed of Trust.

It is undisputed that Durosko's stepchildren never filed a statutory notice of *lis pendens* in accordance with D.C.Code § 42–1207. Appellee argues that such a filing was unnecessary, though, because Durosko's stepchildren's right of priority traces back (via the common-law rule in effect at the time) to the filing of the Original Lawsuit, on June 11, 1999. Appellant, on the other hand, argues that the Original Lender reasonably relied on D.C.Code § 42–1207—which, at that point, had been in effect for six years already—when it searched only the statutory notices of *lis pendens* that had been filed with the Recorder of Deeds. Ultimately, then, the outcome of this case turns on whether D.C.Code § 42–1207 has retroactive effect vis-à-vis the common-law rights of priority that existed before the statute went into effect.

## II.   Legal Analysis

Appellant challenges the trial court's summary judgment award, which we review *de novo*. *Rockler v. Sevareid*, 691 A.2d 97, 99 (D.C.1997). We view the record in the light most favorable to appellant, and "[o]ur role is to determin[e] whether the trial court properly concluded there was no genuine issue of material fact and that [appellee] is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). The ultimate issue in this case concerns the proper interpretation of D.C.Code § 42–1207, which involves

a "clear question of law" that we review *de novo*. *District of Columbia v. Morrissey*, 668 A.2d 792, 796 (D.C.1995).

██   As noted above, before D.C.Code § 42–1207 took effect on June 24, 2000, the District of Columbia adhered to the common-law doctrine of *lis pendens*. *See, e.g., Tillerson, supra*, 916 A.2d at 156. In general, the concept of *lis pendens*—whether defined by statute or by common law— "has the legal effect of providing constructive notice of pending litigation involving real property interests." *Id.*[4] As we reiterated in *Tillerson*:

> Under *lis pendens*, nothing relating to the subject matter of the suit could be changed while it was pending and one acquiring an interest in the property involved therein from a party thereto took such interest subject to the parties' rights as finally determined, and was conclusively bound by the results of the litigation. The property may still be transferred but the purchaser or encumbrancer (historically named the "purchaser *pendente lite*") takes the property subject to the final judgment rendered in the pending litigation. The resulting judgment and the interest preserved or obtained through the judgment relate back to the *lis pendens* date, and any party whose interest in the property arose during the interim period is subject to the final judgment.

*Id.* at 156–57 (internal quotation marks and citations omitted; italics in original).

Under the common-law doctrine of *lis pendens*, the mere filing of an action affecting title to real property in the District was sufficient to put potential purchasers on notice. *See, e.g., Lewis v. Jordan Inv., Inc.*, 725 A.2d 495, 500 (D.C.1999). In *Lewis*, we applied the common-law rule of

---

4.  *Lis pendens* is translated literally as "a pending lawsuit." *See Tr. 1245 13th St., NW*

*# 608 Trust v. Anderson*, 905 A.2d 181, 183 n. 2 (D.C.2006).

*lis pendens* even though we recognized that it imposed a "potentially harsh" result in that case. *Id.* There, the trial court concluded that the appellee was a purchaser in good faith because it had no notice of the appellants' claim to the property. *Id.* We reversed, however, reasoning that the "status of our law" at the time dictated— as a matter of law, via the common-law doctrine of *lis pendens*—that appellee had constructive knowledge of appellants' claim simply because appellants' bankruptcy appeal was pending when appellee purchased the property.[5] *Id.* at 500–01.

More recently, in *Tillerson*, we noted that many jurisdictions, including the District, have enacted *lis pendens* statutes to simplify the process and "make[ ] it easier for interested third parties to discover the existence and scope of the litigation." 916 A.2d at 157. The District's statute provides, in relevant part:

> The pendency of an action or proceeding . . . affecting the title to or asserting a mortgage, lien, security interest, or other interest in real property situated in the District of Columbia, does not constitute notice to, and shall not affect a party not a party thereto, unless a notice of the pendency of the action or pro-

ceeding is filed for recordation, as required by subsection (b) of this section. D.C.Code § 42–1207(a).

There is no question that D.C.Code § 42–1207 "clearly overruled" the earlier common-law rule. *Anderson, supra,* 905 A.2d at 185. As noted above, before the statute went into effect on June 24, 2000, the mere filing of an action affecting title to real property in the District was sufficient to put potential purchasers on notice, *see, e.g., Lewis, supra,* 725 A.2d at 500, whereas now, D.C.Code § 42–1207 specifies that the mere "pendency of an action . . . does not constitute notice" unless a notice of *lis pendens* is filed for recordation in accordance with the statute. Thus, while the statute clearly governs with respect to all actions affecting title to real property in the District that were filed on or after June 24, 2000,[6] the question here is whether D.C.Code § 42–1207 has retroactive effect vis-à-vis the common-law rights of priority that existed before June 24, 2000.[7]

## A.

Appellee argues that D.C.Code § 42–1207 has no retroactive effect because the "general rule," as we explained in *Wolf v. District of Columbia Rental*

---

**5.** In fact, in *Anderson, supra,* 905 A.2d at 185, we speculated that:

> It appears that § 42–1207 was enacted in large part as a response to the court's holding in *Lewis, supra,* which recognized that the mere filing of a lawsuit effectuated *lis pendens*, without any other sort of notification to potential property buyers. *Lewis* was decided on February 25, 1999, and the "Fairness in Real Estate Transactions and Retirement Funds Protection Act" was signed into law in early 2000, becoming effective on June 24, 2000.

**6.** *See, e.g., Anderson, supra,* 905 A.2d at 183, 185 (holding that D.C.Code § 42–1207, and not the common-law rule, governed where the

litigation at issue commenced on December 15, 2000).

**7.** *See, e.g., Nixon v. District of Columbia Dep't of Employment Servs.,* 954 A.2d 1016, 1022 (D.C.2008) ("Application of new legislation is retroactive if it 'changes the legal consequences of acts completed before its effective date.' ") (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 269 n. 23, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)); *Landgraf, supra,* 511 U.S. at 280, 114 S.Ct. 1522 (explaining that a statute has retroactive effect if "it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed").

*Accommodations Comm'n,* 414 A.2d 878, 880 n. 8 (D.C.1980), is that "statutes are to be construed as having only a prospective operation, unless there is a clear legislative showing that they are to be given a retroactive or retrospective effect." *Accord Windsor v. State Farm Ins. Co.,* 509 F.Supp. 342, 344 (D.D.C.1981) ("statutes are not to be applied retroactively unless the words used are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot otherwise be satisfied" (internal quotation marks omitted)). Here, appellee argues, there is no such "clear legislative showing" that D.C.Code § 42–1207 was intended to apply retroactively.

Appellant disagrees, arguing that the plain language of the statute manifests a clear intent for retroactive application. In particular, appellant focuses on the first words of the statute (i.e., "The *pendency* of an action or proceeding ..." (emphasis added)) and argues that the D.C. Council would have used "filing" instead of "pendency" if it had intended the statute to apply only prospectively. Relatedly, appellant argues that the overall purpose of the statute belies a strictly prospective application. We will address these arguments in turn.

First, regarding the plain language argument, appellant relies primarily upon *District of Columbia v. Beretta U.S.A. Corp.,* 940 A.2d 163, 174 (D.C.2008), but that case hardly supports appellant's claim that the word "pendency" manifests a "clear legislative showing" that the Council intended D.C.Code § 42–1207 to apply retroactively. In *Beretta,* it was undisputed that the statute at issue explicitly applied to claims that were pending when the stat-

ute became law—the real issue in that case, in fact, was whether the statute was constitutional. Nevertheless, appellant focuses on the word "pending" in the *Beretta* statute and the word "pendency" in D.C.Code § 42–1207 to argue that we have already "made clear that, where a statute explicitly affects 'pending' actions, it is intended to apply to all actions pending at that time." We find this argument unpersuasive. The statute in *Beretta* provides, in relevant part, that any "action that [was] pending on [the date of enactment] shall be immediately dismissed by the court in which the action was brought or is currently pending." *Beretta, supra,* 940 A.2d at 167 (quoting 15 U.S.C. § 7902(b)). This is just about the most "clear legislative showing" we can imagine in the context of plain language statutory interpretation; indeed, we remarked in *Beretta* that Congress "[u]ndeniably" intended the statute to apply to pending actions. *Id.* at 174. Here, on the other hand, the single word "pendency" in D.C.Code § 42–1207 is far from a "clear legislative showing" that the Council intended the statute to affect litigants' pre-existing common-law rights of priority.

Indeed, we find it particularly significant here that there is nothing in the statute or its legislative history to suggest that the Council deliberately used "pendency" instead of "filing" in order to revoke the common-law rights of priority that existed as of June 24, 2000. And if we apply D.C.Code § 42–1207 retroactively as appellant urges, the statute would cause such a revocation because, in that case, the statute would trump all pre-existing common-law rights and wipe the slate clean as of June 24, 2000.[8] So, in this case, for example, if someone else had filed another

---

8. *See* D.C.Code § 42–1207(c) (specifying that the statutory notices "shall have effect from the time of the filing for recordation").

lawsuit affecting title to the Property sometime after June 24, 2000 and then he or she beat Durosko's stepchildren to the Recorder of Deeds' office, that person would have a superior right of priority under appellant's interpretation of the statute. But there is nothing in the text of the statute or its legislative history to suggest that the Council intended all litigants with pending cases to rush to the Recorder of Deeds' office on June 24, 2000. As such, we reject appellant's plain language argument because we cannot say that the solitary use of the word "pendency" in D.C.Code § 42–1207 constitutes a "clear legislative showing" that the Council intended to revoke litigants' pre-existing common-law rights of priority.

We find appellant's related argument unpersuasive for similar reasons. Appellant argues that the statute must apply retroactively or else we will be "subvert[ing] the D.C. Council's intent to simplify the process of searching for lawsuits concerning title to real estate by requiring purchasers and lenders to search the court docket in addition to the records at the Recorder of Deeds." We are not unsympathetic to this argument. Indeed, as we noted in *Tillerson,* the very purpose of the statutory filing requirement is to "make[ ] it easier for interested third parties to discover the existence and scope of the litigation." *Tillerson, supra,* 916 A.2d at 157. Ultimately, however, we find that appellant falls short of overcoming the general rule that "statutes are to be construed as having only a prospective operation" because we see no "clear legislative

showing" that the Council intended D.C.Code § 42–1207 to apply retroactively. *Wolf, supra,* 414 A.2d at 880 n. 8.

Given the nature of the statute's underlying general policy objective, one might reasonably assume that the Council intended to simplify the process of searching for *lis pendens* effective immediately. In our view, however, it seems at least equally plausible that the Council intended to simplify the process going forward only (i.e., without affecting the common-law rights of priority that existed on June 24, 2000). In fact, we see no "clear legislative showing" that the Council even considered litigants' pre-existing common-law rights of priority—much less that it deliberately meant to revoke them.[9] We must follow the general rule, therefore, and interpret D.C.Code § 42–1207 as having only a prospective operation. *Wolf, supra,* 414 A.2d at 880 n. 8; *accord Nixon, supra,* 954 A.2d at 1023 ("legislation must be considered as addressed to the future, not to the past ... unless such be the unequivocal and inflexible import of the [statutory] terms." (internal quotation marks omitted; alterations in original)).[10]

**B.**

Appellant's remaining contention merits only brief discussion. Appellant contends that D.C.Code § 42–1207 should apply retroactively because it is merely "procedural, rather than substantive" and therefore it should presumptively apply to pending cases. Appellant relies, *inter alia,* on *Montgomery v. District of Columbia,* 598 A.2d 162, 166 (D.C.1991), where we ob-

---

**9.** *Cf. Landgraf, supra,* 511 U.S. at 272–73, 114 S.Ct. 1522 ("Requiring clear [legislative] intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits.").

**10.** *See also Landgraf, supra,* 511 U.S. at 285–86, 114 S.Ct. 1522 ("It will frequently be true ... that retroactive application of a new statute would vindicate its purpose more fully. That consideration, however, is not sufficient to rebut the presumption against retroactivity.") (footnote omitted).

served that "[u]nless a contrary legislative intent appears, changes in statute law which pertain only to procedure are generally held to apply to pending cases." (internal quotation marks omitted). *Montgomery* is distinguishable, however, because the statute in that case was clearly procedural—it established a new tribunal for administrative appeals. In contrast, D.C.Code § 42–1207 is not so easily categorized as either a "procedural" or a "substantive" law.

Appellant argues that D.C.Code § 42–1207 is procedural because it merely "modifies the procedure by which *lis pendens* is given effect." Appellant also emphasizes that Durosko's stepchildren had no vested property interests (via the common-law *lis pendens* doctrine) that were divested upon the enactment of D.C.Code § 42–1207. While it is true that "a person obtains no new property interest through the operation of the *lis pendens* doctrine,"[11] we cannot agree that D.C.Code § 42–1207 "pertain[s] only to procedure"[12] because, if it applies retroactively, it would most certainly affect the substantive rights of litigants who had cases pending on June 24, 2000. Thus, even though the filing of the Original Lawsuit did not *create* any property rights, it did secure Durosko's stepchildren's right of priority under the common-law *lis pendens* doctrine. And that right of priority was "substantive" in the sense that the *lis pendens* provided constructive notice to all potential purchasers of the Property, thereby ensuring that anyone who acquired an interest in the Property during the pendency of the Original Lawsuit would take his or her interest subject to the final judgment.

Indeed, appellant all but concedes that a retroactive application of D.C.Code § 42–1207 would affect substantive rights inasmuch as appellant acknowledges that Durosko's stepchildren's common-law *lis pendens* provided constructive notice to all potential purchasers from the day the Original Lawsuit was filed, on June 11, 1999, until the effective date of D.C.Code § 42–1207, on June 24, 2000. The only question, then, is whether Durosko's stepchildren were required to file a statutory notice of *lis pendens* to preserve their common-law right of priority after June 24, 2000. As explained more fully herein, we conclude that they were not because we cannot presume that the Council intended to revoke litigants' pre-existing common-law rights of priority.

In sum, because D.C.Code § 42–1207 is not easily categorized as either procedural or substantive, and because its retroactive application would certainly have substantive consequences, we decline to follow the reasoning outlined in *Montgomery, supra,* that laws "which pertain *only to procedure* are generally held to apply to pending cases." 598 A.2d at 166 (internal quotation marks omitted; emphasis added). Instead, we find it more appropriate here to apply the *Wolf* presumption that "statutes are to be construed as having only a prospective operation, unless there is a clear legislative showing that they are to be given a retroactive or retrospective effect." 414 A.2d at 880 n. 8; *accord Nixon, supra,* 954 A.2d at 1023 ("legislation must be considered as addressed to the future, not to the past ... unless such be the unequivocal and inflexible import of the [statutory] terms." (internal quotation marks omitted; alterations in original)).

---

11. *Heck v. Adamson,* 941 A.2d 1028, 1029 n. 1 (D.C.2008) (internal quotation marks omitted).

12. *Montgomery, supra,* 598 A.2d at 166 (internal quotation marks omitted).

## III. Conclusion

For all the foregoing reasons, we affirm the trial court's summary judgment award in favor of appellee.

*So ordered.*