*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

Nos. 13-CV-433 & 13-CV-484

PAUL BLOOM, APPELLANT,

v.

ROBERT BEAM, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(CAR-7679-09)

(Hon. Judith Bartnoff, Trial Judge)

(Argued April 29, 2014                    Decided September 11, 2014)

*Dale A. Cooter* for appellant.

*John M. Shoreman* for appellee.

Before GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*: Appellant, Paul Bloom, challenges the jury's verdict rejecting his nuisance claim and awarding appellee, Robert Beam, special damages under his slander of title counterclaim arising from Bloom's filing of a memorandum of *lis pendens*. Bloom claims that Beam failed to establish the elements required for slander of title, and that the court erred by finding the *lis pendens* was not absolutely privileged, by awarding sanctions pursuant to D.C.

Code § 42-1207 (2001), and by failing to submit the issue of punitive damages to the jury. For the reasons stated below, we affirm in part and remand with instructions to vacate the slander of title verdict.

## I.

Bloom lived in a condominium, Unit #9, directly below condominium unit #13 owned by Beam. On October 15, 2009, Bloom filed a complaint alleging that Beam's installation of a new floor in his unit created a noise nuisance that interfered with the use and enjoyment of his property directly below (Count I). He also claimed an equitable interest in Beam's property on the basis that the alleged nuisance established a constructive trust for him to access the property and repair the defective flooring installation (Count II). On October 23, 2009, based on the assertion of the equitable interest, Bloom recorded a memorandum of *lis pendens*, which stated that the "action affects title and interest" in Beam's property and that he was seeking "to abate nuisance at the [p]roperty, plus $100,000 in damages, costs and attorney fees, and to obtain an [o]rder imposing a constructive trust on the [p]roperty." On April 29, 2010, Bloom filed an amended *lis pendens*, changing the relief he sought to a "constructive easement" rather than a "constructive trust."

The *lis pendens* was filed when Bloom learned about the pending sale of Beam's condominium. As a result of the *lis pendens* the potential buyer was unable to close on the property and despite Beam's attempts, the property did not sell the entire period that the *lis pendens* was in effect. In response, Beam filed a counterclaim for slander of title arguing that a claim of constructive trust could not affect title to his property. Beam also filed a motion for partial summary judgment, asking the court to dismiss the claim for easement, cancel the *lis pendens*, and impose sanctions plus an award of punitive damages. On December 1, 2010, the court dismissed Bloom's claim for a constructive easement and ruled that it could not stand as the legal basis for recording a *lis pendens*. The *lis pendens* was withdrawn prior to the trial, based on an agreement between the parties through mediation.

The case was tried before a jury on April 11, 2011. The jury rejected Bloom's nuisance claim and found in favor of Beam, awarding him $99,738 in special damages for maintenance expenses of the property during the period when he was unable to sell it because of the *lis pendens*. At the conclusion of the jury's verdict, the court denied Beam's request for punitive damages, finding that there was no basis for the issue to go to the jury "given that the *[l]is [p]endens* was filed by counsel on the advice of counsel." Bloom made a motion for judgment as a

matter of law notwithstanding the verdict, which was denied in open court on April 13, 2011.  On May 6, 2011, Bloom sought reconsideration of the court's denial of the motion.  That same day, Beam filed for sanctions pursuant to D.C. Code § 42-1207 (d).  The court denied Bloom's motion for reconsideration, granted Beam's motion for sanctions in the amount of $32,775 for attorney's fees, and entered judgment against Bloom.  Bloom appealed and Beam cross-appealed on the issue of punitive damages.

## II.

Bloom argues that it was error for the trial court to hold as a matter of law that his *lis pendens* was not absolutely privileged and could therefore form the basis for a slander of title claim.  Bloom raised this argument below in a Rule 50 (b) renewed motion for judgment notwithstanding the verdict, but the court ruled that it was waived because his Rule 50 (a) motion for a directed verdict had not raised the claim of privilege as a basis for barring the slander of title counterclaim.[1]

---

[1]  Bloom argues that the claim of privilege was before the trial court because during his oral motion for judgment as a matter of law on April 13, 2011, his counsel stated "the real complaint here that really comes out in the testimony of Mr. Beam, what he's upset about are the allegations of the lawsuit which, of course, are privileged . . . ."  Bloom's counsel, however, was referring to the

(continued…)

Bloom had only argued that the *lis pendens* was not false or malicious and the court denied Bloom's motion on these grounds.

We have held that Super Ct. Civ. R. 50 is "strictly construed and 'the failure to include a particular ground in a motion for directed verdict will bar the consideration of this ground [both] in a subsequent motion for judgment notwithstanding the verdict and on appeal.'" *Juvenalis v. District of Columbia*, 955 A.2d 187, 190 n.1 (D.C. 2008) (quoting *Daka, Inc. v. McCrae*, 839 A.2d 682, 691 (D.C. 2003)); *see, e.g.*, *Howard Univ. v. Best*, 547 A.2d 144, 147 (D.C.1988). Bloom failed to assert that the *lis pendens* was absolutely privileged in the Rule 50 (a) motion for a directed verdict, which barred the court's consideration of this claim when it was later raised in Bloom's motion for judgment notwithstanding the verdict. The court, therefore, did not err when it ruled that Bloom had waived an argument of absolute privilege and the *lis pendens* could form the basis for a slander of title claim. *See Daka, Inc.*, 839 A.2d at 691.

---

(…continued)
privilege that generally applies to allegations in a complaint rather than to the *lis pendens* and in any case the claim of privilege was insufficiently articulated.

## III.

Bloom also argues that the court erred in finding that there was sufficient evidence from which the jury could establish any element of slander of title based on his filing a *lis pendens*. To establish a claim for slander of title, the plaintiff must prove: (1) a communication relating to the title of property was false and malicious; (2) damages resulted from the publication of the statement; and (3) if special damages are sought, the underlying damages must be pled with specificity. *See Psaromatis v. English Holdings*, 944 A.2d 472, 488 n.20 (D.C. 2008). We only address the element of falsity, reversing the jury's slander of title verdict for Beam on this ground.

At the time Bloom recorded the amended *lis pendens*, the District of Columbia *lis pendens* statute provided that "an action or proceedings . . . affecting the title to or asserting a mortgage, lien, security interest, *or other interest in real property* situated in the District of Columbia, does not constitute notice . . . unless a notice of the pendency of the action or proceeding is filed for recordation."[2] D.C.

---

[2] The statute was amended by The Lis Pendens Amendment Act of 2010, enacted on April 7, 2010 and effective May 27, 2010. The amendment substituted "affecting the title to or asserting a mortgage, lien, security interest, or other

(continued…)

Code § 42-1207 (a) (2001) (amended 2010).  In interpreting the statute, the United States District Court for the District of Columbia has held that "[t]he validity of a *lis pendens* notice does not depend on the merits or likely outcome of the [underlying] case." *McWilliams Ballard, Inc. v. Level 2 Dev.*, 697 F. Supp. 2d 101, 111 (D.D.C. 2010) (citing *McAteer v. Lauterbach*, 908 A.2d 1168, 1170 (D.C. 2006)).  Likewise, in dicta we have noted that our assessment of the validity of a *lis pendens*, does "not involve . . . consideration of the merits of the plaintiff's underlying suit."  *McAteer*, 908 A.2d at 1170.  An action "affect[ing]" title or "assert[ing] . . . '*an* interest in real property' [ ] is all that the *lis pendens* [2001] statute requires."  *McWilliams Ballard, Inc.*, 697 F. Supp. 2d at 111 (quoting *Heck v. Adamson*, 941 A.2d 1028, 1030 (D.C. 2008)) (emphasis in original).  It follows that a *lis pendens* "does not contain a false statement of fact" if it merely "accurately recites the fact of the filing of the lawsuit."  *Miller v. C.C. Meisel Co., Inc.*, 51 P.3d 650, 664-65 (Or. Ct. App. 2002).  *But see, Palmer v. Zaklama*, 109

---

 (…continued)
interest" with "affecting the title to *or tenancy interest in*, or asserting a mortgage, lien, security interest, *or other ownership interest*."  D.C. Code § 42-1207 (a) (2010).  We nonetheless apply the 2001 version, following the general rule favoring the prospective application of legislation where substantive rights are affected by the change, *Edwards v. Lateef*, 558 A.2d 1144, 1146 (D.C. 1989), because Bloom's ability to record a *lis pendens* asserting an easement, which is a nonpossessory interest, would otherwise be extinguished.  *See Marvin M. Brandt Revocable Trust v. United States*, 134 S. Ct. 1257, 1265 (2014) (quoting Restatement (Third) of Property: Servitudes § 1.2(1) (1998)).

Cal. App. 4th 1367, 1381 (2003) (analyzing the meaning of "falsity" in relation to the merit of the action and holding that a *lis pendens* "is false [ ] if it asserts the action may affect the title to or possession of real property, when in fact it will not.").

The trial court erred as a matter of law by finding that Bloom's unsuccessful legal theory of "constructive easement" in the underlying suit was sufficient evidence from which the jury could establish that the *lis pendens* was false. The court held that "the underlying claim for relief [in Bloom's complaint] is the allegation of a noise nuisance, which provides no basis for any security or other interest in Mr. Beam's unit." This assessment erroneously centered on the merits of the underlying claim rather than the statements in the *lis pendens*. The *lis pendens* in this case cannot be characterized as false because it merely recites the fact that Bloom filed a lawsuit in which he alleged an interest in Beam's property; it did not assert that a noise nuisance was legally sufficient to establish a constructive easement**.** The *lis pendens* provided the public with the civil action number for the underlying suit and stated that "the above-referenced action affects title and interest in certain real property" as "[p]laintiff seeks to abate nuisance at the Property . . . and to obtain an Order imposing a constructive [ ] [easement] on the Property." This statement of fact in the *lis pendens*, regardless of the outcome

of the suit, is not false. Therefore, even assuming the *lis pendens* was malicious and special damages were proven, we must remand for vacatur of the slander of title verdict.[3]

## IV.

Bloom claims that the court erred by imposing a sanction of $32,775 in attorney's fees for hours spent litigating the *lis pendens* claim, alleging that sanctions are only appropriate when "patently clear that a claim has absolutely no chance of success." *Gray v. Washington*, 612 A.2d 839, 841-42 (D.C. 1992) (internal quotation omitted). "When appropriate, the court may [ ] impose sanctions for the filing [of an improper *lis pendens*]." D.C. Code § 42-1207 (d)(1). Just as under Super. Ct. Civ. R. 11, "a trial court, in determining whether sanctions are appropriate under [ ] the D.C. *lis pendens* statute, should assess whether the non-prevailing party's filing of *lis pendens* was for an improper purpose, or was

---

[3] Beam cross-appeals, requesting that we remand for the jury to consider punitive damages. These, however, "are warranted only when the defendant commits a tortious act accompanied with . . . circumstances tending to aggravate the injury." *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995) (internal quotation omitted); *E.g.*, *King v. Kirlin Enters., Inc.*, 626 A.2d 882, 884 (D.C. 1993). Given our holding that the *lis pendens* was not false, Beam has failed to establish slander of title and we will not remand on the issue of punitive damages.

unwarranted by existing law or a frivolous argument for the extension, modification, or reversal of existing law, or was without evidentiary support. A trial court need not make a finding of bad faith in relation to a party's filing of *lis pendens* in order to exercise its discretion in imposing sanctions." *6921 Georgia Ave., N.W., Ltd. P'ship v. Universal Cmty. Dev., LLC*, 954 A.2d 967, 973 (D.C. 2008). An award of attorney's fees can be an appropriate sanction under the *lis pendens* statute. *See id.* at 972.

Here, the court found that Bloom's claim was "not warranted under District of Columbia law" and noted that "based on [ ] [a] review of the record" it was a "frivolous claim." Despite repeated requests from the court, Bloom failed to provide the court with any authority or compelling rationale to support his proposition that a noise nuisance claim could support the imposition of a constructive easement. The record, therefore, reveals that Bloom's claim of a constructive easement had "absolutely no chance" of being recognized as a property interest resulting from a noise nuisance. *Gray*, 612 A.2d at 841-42. We reject Bloom's claims that sanctions should not have been imposed because the *lis pendens* was absolutely privileged. A claim of privilege does not impede this

court's statutory authority to impose sanctions.[4]  *See* D.C. Code § 42-1207 (d)(1); *Martin v. George Hyman Const. Co.*, 395 A.2d 63, 69 (D.C. 1978) ("Statutes and regulations should not be overborne by the common law.").

We also reject Bloom's assertion that the trial court abused its discretion in awarding $32,775 in attorney's fees for hours spent litigating the *lis pendens* claim. Bloom argues that sanctions should not have exceeded $10,000, the amount Bloom alleges that Beam incurred in attorney's fees between October 2009, when Beam filed the complaint, and November 2009, when Bloom offered to release the *lis pendens* as part of unsuccessful settlement discussions, even though the *lis pendens* was not released until October 2010.  We review the trial court's *lis pendens* sanctions award under the Sup. Ct. Civ. R. 11 standard for abuse of discretion.  *See 6921 Georgia Ave., N.W., Ltd. P'ship*, 954 A.2d at 972-73 (noting that "[i]t is unclear from the language of the statute [and the legislative history of D.C. Code § 42-1207] what standard a court is to employ in determining the appropriateness of [ ] sanctions [awarded under the *lis pendens* statute]" and adopting the D.C. Super. Ct. Civ. R. 11 standard).  "Rule 11 requires only that the sanction be appropriate

---

[4] For example, the court regularly imposes sanctions for statements falling within the judicial proceedings privilege pursuant to Super. Ct. Civ. R. 11.  *See, e.g.*, *Peddlers Square, Inc. v. Scheuermann*, 766 A.2d 551, 557 (D.C. 2001) (upholding Rule 11 sanctions for filing complaint with no basis in fact or in law.).

and that costs and attorney's fees be reasonable." *Peddlers Square, Inc.*, 766 A.2d at 558 (quotations omitted).

As the trial court noted, Bloom's offer to release the *lis pendens* during settlement discussions in November 2009 was not a basis to limit attorney's fees because the parties did not agree to settle and the *lis pendens* was not released until October 2010. The court did not abuse its discretion in calculating reasonable attorney's fees that related to the *lis pendens* litigation for the duration of the claim, exclusive of the slander of title counterclaim. On remand for vacatur of the slander of title verdict and the damages award, the trial court, in its discretion, may revisit this sanctions award presently limited to attorney fees. *See* D.C. Code § 17-306 (2012 Repl.) (The District of Columbia Court of Appeals "may remand the cause and direct the entry of such appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances.").

In sum, the trial court did not err by ruling that Bloom had waived a claim of absolute privilege or by imposing sanctions. It was error, however, for the court to find that Bloom's unsuccessful legal theory of "constructive easement" was sufficient evidence from which the jury could establish that the *lis pendens* was false. Accordingly, for the reasons stated above, we affirm in part and remand

with instructions to vacate the slander of title verdict and the special damages award, and to permit for reconsideration of the sanctions award amount.

*So ordered.*