*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-219

GEORGE H. MORRIS, JR., APPELLANT,

V.

KENNETH MORRIS and KEITH MORRIS, APPELLEES.

Appeal from the Superior Court of the
District of Columbia
(CAB-2304-12)

(Hon. Maurice A. Ross, Trial Judge)

(Submitted November 18, 2014                          Decided March 5, 2015)

*Kenneth C. Crickman* and *Robert Clayton Cooper* for appellant.

*Kevin Zieleniewski* for appellees.

Before GLICKMAN and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

MCLEESE, *Associate Judge*: Appellant George H. Morris, Jr. ("George Morris") challenges the trial court's finding that he defrauded appellees Kenneth and Keith Morris. We conclude that there was insufficient evidence to support a finding of fraud. We therefore reverse the finding of fraud and the accompanying award of damages.

**I.**

After a bench trial, the trial court found the following facts. Virginia Morris, the mother of George, Kenneth, and Keith Morris, died in 2006 with no living spouse. Her estate included a home in Washington, D.C. The parties produced copies of two wills purportedly executed by Ms. Morris, one from 2003 and the other apparently from 2004. The 2003 will gave the family home to George Morris and appointed George Morris as the personal representative of the estate. The 2004 will gave the family home jointly to George and Kenneth Morris. The parties did not produce an original of either will.

In 2003, Ms. Morris signed a deed conveying the family home to George Morris and herself as joint tenants with the right of survivorship. In 2004, Ms. Morris and George Morris signed another deed conveying the family home to themselves and Kenneth Morris as joint tenants with the right of survivorship. In 2007, George Morris alone signed and recorded a deed in which he purported to convey the family home to himself.

Kenneth and Keith Morris subsequently sued George Morris, claiming among other things that George Morris had committed fraud and unlawfully

converted property. Kenneth and Keith Morris sought rescission of the 2007 deed, a determination that the 2004 deed was valid, and an award of money damages.

Because no original of Ms. Morris's will could be found, the trial court concluded that Ms. Morris died intestate. Noting that George Morris did not defend the validity of the 2007 deed, the trial court gave effect to the 2004 deed and determined that Kenneth and George Morris jointly owned the home. On the claim of unlawful conversion, the trial court found George Morris liable for converting personal property of the estate and awarded Kenneth and Keith Morris $32,000 in damages. With respect to the fraud claim, the trial court concluded that George Morris had committed fraud by filing the 2007 deed. The trial court awarded Kenneth and Keith Morris $96,000 in damages on the fraud claim. The trial court based that award on the "delay in settling Mrs. Morris'[s] affairs, the deterioration of the estate [since George Morris signed the 2007 deed] and the additional annoyance . . . caused by [George Morris's] conduct."

## II.

George Morris challenges only the trial court's finding of fraud and the associated award of $96,000 in damages. Although he raises several challenges,

we address only one: the claim that the evidence does not support a finding that Kenneth and Keith Morris reasonably relied on a false representation in the 2007 deed. *See generally, e.g.*, *Virginia Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs., Inc.*, 878 A.2d 1226, 1233 (D.C. 2005) (elements of fraud include action "taken in reliance upon" false representation). We agree that there was insufficient proof of reliance.

The fraud count rests on the false representation in the 2007 deed that George Morris was the sole owner of the property. In order to demonstrate that they reasonably relied on that representation, Kenneth and Keith Morris would have to show among other things that they were "ignoran[t] of [its] falsity." *Shappirio v. Goldberg*, 20 App. D.C. 185, 194 (1902). *See generally, e.g.*, *Virginia Acad. of Clinical Psychologists*, 878 A.2d at 1238 (to establish reliance, plaintiff claiming fraud must show that "reliance upon the truth of the fraudulent misrepresentation . . . played a substantial part . . . in influencing his decision"); *cf. In re Estate of McKenney*, 953 A.2d 336, 343 (D.C. 2008) ("It may be unreasonable to rely on a misrepresentation when the statement is preposterous or obviously false . . . .") (internal quotation marks omitted). There does not appear to be any evidence, however, that Kenneth and Keith Morris ever believed the false representation in the 2007 deed to be true. To the contrary, Kenneth Morris

testified that he did not believe that George Morris could lawfully have deeded the property to himself.

Kenneth and Keith Morris argue that they "relied on the recorded deeds, to their detriment, to attempt to sort the mess that had been made of their mother's estate." They do not explain, however, why or how they acted in reasonable reliance on the representation in the 2007 deed that George Morris was the sole owner of the property. Rather, they appear to argue that they were injured by a baseless claim of sole ownership that they knew all along to be false. That is in substance a claim of slander of title, not a claim of fraud. *See generally Bloom v. Beam*, 99 A.3d 263, 266 (D.C. 2014) (slander of title requires proof of (1) false and malicious communication relating to title of property; and (2) damages resulting from publication of communication).

**III.**

Because we find that there was insufficient evidence to support a claim of fraud, we vacate the $96,000 judgment on the fraud count and remand for the trial court to amend the judgment to reflect judgment as a matter of law in favor of George Morris on that count. *Cf. Twyman v. Johnson*, 655 A.2d 850, 858 (D.C.

1995) (after reversing judgment on retaliation count, court remanded with instruction that trial court dismiss that count); *Western Energy, Inc. v. Georgia-Pacific Corp.*, 637 P.2d 223, 229 (Or. Ct. App. 1981) (where court upheld damages award on one count but reversed separate damages award on different count, court remanded with instruction that trial court enter amended judgment deleting damages award with respect to reversed count).

*So ordered.*